[No. 13855.   In Bank. — December 8, 1890.]

## J. E. McDOWELL, Petitioner, v. AARON BELL, Judge, etc., Respondent.

Proceedings Supplementary to Execution — Transfer by Debtor to Third Party — Jurisdiction of Court. — Upon proceedings supplemental to execution, where it appears that certain property claimed by the judgment creditor to be the property of the judgment debtor was conveyed to a third party upon the same day that the affidavit was filed for the institution of the supplementary proceedings, the court has no jurisdiction to take possession of the property by a receiver, but can only make an order authorizing the judgment creditor to institute an action against the parties claiming it, for its recovery and subjection to the satisfaction of the debt, and forbidding its transfer until such action could be commenced and prosecuted to judgment.

Id. — Taking Possession of Property Conveyed — Order Appointing Receiver — Excess of Jurisdiction — Prohibition. — Orders in such proceedings directing that the property so conveyed be subjected to the satisfaction of the judgment, and that a receiver take possession thereof, are in excess of the court's jurisdiction, and a writ of prohibition will lie to restrain their enforcement.

Application to the Supreme Court for a writ of prohibition. The facts are stated in the opinion of the court.

*John W. Cathcart*, and *H. S. Brown*, for Petitioner.

*T. B. Dozier*, for Respondent.

The Court. — Application for writ of prohibition. In September, 1889, one Primm commenced an action in the superior court of Shasta County against one Edson. In the action, such proceedings were had as that judgment was duly given and made in favor of the plaintiff and against the defendant, October 4, 1889. Execution was issued to the sheriff of Shasta County, and returned unsatisfied. Upon proceedings supplemental to execution, Bertha Edson was examined touching certain property held by her, to wit, a house and lot in the town of Sisson, Siskiyou County, claimed by the judgment creditor to be the property of the judgment debtor. On the

same day that the affidavit was filed for the institution of these proceedings supplementary to execution, Bertha Edson conveyed the property to one Wright, who subsequently conveyed the same to this petitioner. Upon the hearing upon such supplementary proceedings, it was found and adjudged by the respondent that the lot in question was the property of the judgment debtor, and that neither Bertha Edson nor Wright ever had any interest therein, and ordered that execution issue in the case of *Primm* v. *Edson* (in which case all the proceedings were conducted), and the property be subjected to the satisfaction of said judgment; and further ordered that a receiver be appointed to take possession of the property, and subject the same to the satisfaction of said judgment. In this the respondent exceeded his jurisdiction and the jurisdiction of his court. His only power in the premises was to make an order authorizing the judgment creditor to institute an action in the proper court, against the parties claiming the property for the recovery of the property and the subjection of the same to the satisfaction of the debt, and forbidding a transfer of the property until such action could be commenced and prosecuted to judgment. (Code Civ. Proc., sec. 720; *Hartman* v. *Olvers*, 51 Cal. 501.)

Let the writ issue and be made perpetual, commanding the said respondent, Aaron Bell, judge of the superior court of the county of Shasta, in the state of California, to forever desist and refrain from proceeding further under or in enforcing the judgment and order made and given by him in the case of E. P. Primm, plaintiff, against H. J. Edson, defendant, dated January 11, 1890, and let the petitioner herein have judgment for his costs of this proceeding.