[No. 19393.   Department Two.—August 13, 1894.]

JOHN E. HIGH, APPELLANT, *v.* THE BANK OF COMMERCE, RESPONDENT.

EVIDENCE — PRESUMPTION OF CONTINUANCE — BALANCE OF ACCOUNT IN BANK.—The presumption that a thing once proven to exist continues as long as usual with things of that nature is not applicable to a balance in one's favor in a bank, and there is no presumption that a small balance in bank, on open account, continues to exist.

EXECUTION — SUPPLEMENTARY PROCEEDINGS — ORDER AUTHORIZING ACTION—RES ADJUDICATA.—The only power of the court in proceedings supplementary to execution, in respect to an action by the judgment

creditor, is to make an order authorizing the judgment creditor to insti-
tute an action in the proper court to recover indebtedness due to the
judgment debtor, and to forbid a transfer pending the action; and such
an order is not an adjudication of the rights of the parties.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*David L. Withington,* for Appellant.

The evidence showed that the money was deposited in bank, and there is no evidence that the bank had paid it out. The burden is therefore upon the bank to prove payment of the money. (*Clark* v. *Gridley,* 41 Cal. 119; *Caulfield* v. *Sanders,* 17 Cal. 569; *Lisman* v. *Early,* 15 Cal. 199; *Still* v. *Saunders,* 8 Cal. 281; *Scott* v. *Wood,* 31 Cal. 398; *Pendleton* v. *Cline,* 85 Cal. 146; Code Civ. Proc., sec. 1963, subd. 32; *Scott* v. *Ray,* 18 Pick. 367; *Ripley* v. *Severance,* 6 Pick. 474; 8 Am. & Eng. Ency. of Law, 1208.)

*Luce & McDonald,* for Respondent.

The evidence that the money was deposited in bank does not raise a presumption that it remained there. (Code Civ. Proc., sec. 1963, subd. 32; *Coghill* v. *Boring,* 15 Cal. 219; *Lux* v. *Haggin,* 69 Cal. 418.) The court is not authorized in this proceeding to adjudicate the question of indebtedness of the person or corporation cited and examined to the judgment debtor in the action in which said citation and examination is had, but merely authorizes the court to make an order permitting such judgment creditor to institute an action to determine the question of the alleged indebtedness. (See Code Civ. Proc., sec. 720; *Hibernia Sav. and Loan Soc.* v. *Superior Court,* 56 Cal. 265, 296; *McDowell* v. *Bell,* 86 Cal. 616.)

McFARLAND, J.—Plaintiff appeals from a judgment in favor of defendant, and from an order denying a motion for a new trial.

Plaintiff having a money judgment against Comstock & Trotsche, copartners, and having procured an execution to be issued, and claiming that the defendant was indebted to Comstock & Trotsche, proceeded under section 720 of the Code of Civil Procedure, and procured an order allowing him to sue the defendant, and thereupon he commenced this action.   The court found that at the time the said proceeding was instituted, defendant was not indebted to said copartners, or either of them, and did not have any money or property belonging to them.   Assuming that the transcript shows upon what grounds the motion for a new trial was made or denied, still the only point made by appellant is that the findings are not sustained by the evidence.   The evidence is very meager; and we would not be warranted in holding that the court below should have found some indebtedness from respondent to the said copartners, or that there was money of the latter in the hands of the former.   There is some evidence tending to show that at a time prior to the proceedings supplementary to execution there probably was a small balance in the bank on open account in favor of one of the said copartners, but the presumption that "a thing once proven to exist continues as long as is usual with things of that nature" is shown by human experience to be not applicable to a balance in one's favor in a bank. There is nothing in the point that a general denial did not raise the issues passed upon by the court.   Neither was the order of the judge on the proceedings supplementary to execution an adjudication of the rights of the parties; "his only power in the premises was to make an order authorizing the judgment creditor to institute an action in the proper court," and, if he chose so to do, to forbid a transfer pending the action. (*McDowell* v. *Bell,* 86 Cal. 616.)

The judgment and order appealed from are affirmed.

De Haven, J., and Fitzgerald, J., concurred.