[Civ. No. 2964.   Second Appellate District, Division One.—March 27, 1919.]

CURTIS C. COLYEAR, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] PROCEEDINGS SUPPLEMENTARY TO EXECUTION—THIRD PARTY CLAIM—UNWARRANTED ORDER.—In a proceeding supplementary to execution, an order directing a third person who was not a party to the action but who has possession of goods belonging to the judgment debtor to deliver such goods to the judgment creditor, is wholly unwarranted where such party claims an interest in the goods.

[2] ID.—WAREHOUSEMAN'S LIEN—ADVERSE CLAIM.—One who claims a warehouseman's lien on property claims an interest in such property adverse to the owner.

[3] ID.—DETERMINATION OF RIGHTS OF PARTIES—PROCEDURE.—A person claiming property adverse to a judgment debtor is entitled to his day in court, with an opportunity for the determination of his rights in an ordinary action, as specified in section 720 of the Code of Civil Procedure, which provides that, in a proceeding supplementary to execution, if it appears that a person having property of the judgment debtor claims an interest therein adverse to such judgment debtor, the judgment creditor may maintain an action against such person for the recovery thereof; and the court may by order forbid a disposition or transfer of the property until an action can be commenced and prosecuted to judgment.

[4] ID.—ORDER IN EXCESS OF JURISDICTION—VIOLATION—CONTEMPT.—Where, in a proceeding supplementary to execution, the court makes an order directing a third person to turn over to the judgment creditor property of the judgment debtor in which said third person claims an interest adverse to said judgment debtor, it acts in excess of its jurisdiction, and the violation of such order by said third person constitutes no warrant for adjudging such third person guilty of contempt and imposing punishment therefor.

PROCEEDING in prohibition to prevent the Superior Court of Los Angeles County and Grant Jackson, Judge thereof, from adjudging petitioner guilty of contempt for violation of an order issued in a proceeding supplementary to execution.   Writ granted.

The facts are stated in the opinion of the court.

Henry O. Wackerbarth for Petitioner.

Mabel Walker Willebrandt for Respondents.

SHAW, J.—Prohibition. As appears from the verified petition, to which respondent has interposed a general demurrer and an answer, A. H. Mitchell, then in the possession of certain household furniture and furnishings, did, on September 4, 1918, deliver the same to petitioner who, as a warehouseman, received the same on storage for hire and issued a non-negotiable warehouse receipt therefor. Thereafter the sheriff of Los Angeles County, under and by virtue of an execution issued upon a judgment rendered by the superior court of Los Angeles County in an action to which petitioner was not a party, brought therein by Harry Perkins against A. H. Mitchell for the possession of the goods, made demand upon petitioner for the delivery of the same to him, with which demand petitioner refused to comply, unless he produced an order therefor from Mitchell and paid the storage charges. Thereupon an order was issued in said action by respondent, copy of which was duly served upon petitioner, requiring him to appear in said court to answer concerning said property. Upon the appearance of petitioner in response to said order, a hearing was had wherein an order was made as follows: "Harry Perkins vs. A. H. Mitchell. In the matter of the order for appearance of A. H. Mitchell, judgment debtor, and the order for Colyear Van & Storage Company to appear and answer concerning property, which comes on now to be heard, F. Horowitz and Mabel W. Willebrandt appearing as attorneys for the plaintiff and H. O. Wackerbarth appearing for the defendant, it appearing that Colyear Van & Storage Company has the property described in the complaint, and is holding the same as the agent of defendant, it is ordered that said Colyear Van & Storage Company deliver said property to the plaintiff within 10 days." Petitioner, claiming an interest in the property, refuses to comply with the order, by reason whereof respondent threatens to and will, unless prohibited by this court, adjudge petitioner guilty of contempt and commit him to jail as punishment therefor.

[1] Petitioner was not a party to the action of Perkins v. Mitchell, and the order made requiring him to deliver to plaintiff therein the goods in which he claimed an interest was

wholly unwarranted. Counsel for respondent insists, however, that petitioner, though not a party to the action, if aggrieved by the order made, has a right to appeal therefrom, and since an appeal will afford him a plain, speedy, and adequate remedy in the ordinary course of law, prohibition will not lie. Conceding, but not holding, this to be true, a sufficient answer thereto is that petitioner is not seeking a review of the order, but seeks to have the court prohibited from making an order based thereon, which the court threatens to and will make, adjudging him guilty of contempt and committing him to jail for refusing to comply therewith, from which, if made, no appeal lies.

The order made was in a proceeding supplementary to execution, as provided by chapter II (of title IX of part II) of the Code of Civil Procedure. Section 717 provides that after a return of an execution against property of the judgment debtor and upon proof that any person has property of such judgment debtor, the judge may by order require such person to appear and answer concerning the same. It was under this provision of law that petitioner was required to appear and answer concerning the property. Section 719 provides that the judge upon such hearing may order any property belonging to the judgment debtor, which is in the hands of any other person, to be applied toward the satisfaction of the judgment, but with this express proviso: "But no such order can be made as to . . . property in the hands of any other person, . . . if such person claims an interest in the property adverse to the judgment debtor." [2] It is perfectly clear that petitioner claimed an interest in the property adverse to Mitchell by virtue of his lien thereon as a warehouseman for the storage of the property consigned to him by one who, in so far as this record shows, was at the time of the consignment in the lawful possession thereof. [3] The law does not authorize the trial of the rights of a third party claiming property adverse to a judgment debtor in this summary manner. He is entitled to his day in court, with an opportunity for the determination of his rights in an ordinary action, as specified in section 720 of the Code of Civil Procedure, which provides that if it appears that a person having property of the judgment debtor in any case claims an interest therein adverse to such judgment debtor, the judgment creditor may maintain an action against such person for the recovery thereof; and the

court may by order forbid a disposition or transfer of the property until an action can be commenced and prosecuted to judgment.

[4]   The court acted in excess of its jurisdiction in making the order requiring petitioner to deliver possession of the property to plaintiff in said action.   (*McDowell* v. *Bell,* 86 Cal. 615, [25 Pac. 128] ; *High* v. *Bank of Commerce,* 103 Cal. 525, [37 Pac. 508] ; *Lewis* v. *Chamberlain,* 108 Cal. 525, [41 Pac. 413].)   Hence it follows that the violation of such order constitutes no warrant for adjudging petitioner guilty of contempt and imposing punishment therefor.

It is therefore ordered that respondent desist and refrain from any proceeding having for its purpose the enforcing of that certain order made by the superior court of Los Angeles County on March 6, 1919, in the case of Harry Perkins *v.* A. H. Mitchell.

Conrey, P. J., and James, J., concurred.