[Civ. No. 6489. First Appellate District, Division Two.—February 20, 1929.]

CALIFORNIA FILTER COMPANY (a California Corporation), Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Leo R. Friedman and Robert E. Fitzgerald for Petitioner.

David Livingston and Livingston & Livingston for Respondents.

PRESTON (H. L.), J., *pro tem.*—This is a petition for a writ of prohibition.

On November 17, 1926, Marion Shibley commenced an action against her husband, Kenneth Shibley, for separate maintenance, and joined as a party defendant the petitioner herein, California Filter Company, a corporation. The original complaint in said action, among other things, alleges: "Since the marriage of plaintiff and defendant, said defendant Shibley has acquired . . . certain property. . . . Said property is community property. . . . Defendant Shibley is the owner of a large portion of the capital stock of defendant, California Filter Company. Plaintiff is unable to state definitely the number of shares of stock in said company owned by defendant Shibley, but is informed and believes, and therefore alleges, that he is the owner of two-thirds of the capital stock of said company. . . . That the remainder of said stock is owned by Paul Bovard, and said Bovard and defendant Shibley are the sole parties interested in said company. . . . Defendant Shibley is in the employ of, and is drawing a large salary from said company, the amount of which plaintiff is unable definitely to state, and said salary will be paid continuously to defendant Shibley by said company. Plaintiff is informed and believes, and therefore alleges, that defendant, California Filter Company is indebted to defendant Shibley in a large sum of money, the amount of which plaintiff is unable to state. . . . "

Said action is now pending in the Superior Court of the State of California, in and for the City and County of San Francisco, and no trial upon the merits has ever been had.

On March 21, 1927, said respondent Superior Court made and entered an order requiring said Kenneth Shibley to pay to his wife, Marion Shibley, as temporary maintenance pending the trial of said action, the sum of $600 per month. This order was not complied with by the defendant Kenneth Shibley.

On May 13, 1927, said court made an order directing petitioner herein to appear before said court on May 20, 1927,

and show cause why an order should not be made in said action of *Shibley* v. *Shibley*, directing petitioner to pay to said plaintiff, Marion Shibley, for and on behalf of said defendant, Kenneth Shibley, the sum of $600 per month during the pendency of said action, and charge the same against the account of the said Kenneth Shibley.

On the said twentieth of May, 1927, petitioner appeared before said court, through its secretary and attorney, and *offered to prove,* as a defense to said order to show cause, *that it had no money in its possession then due and owing to said Kenneth Shibley,* but did admit that there appeared upon the books of petitioner a credit due said defendant, Kenneth Shibley, amounting to approximately $4,500, but that there existed between petitioner and said Kenneth Shibley a written agreement to the effect that said sum was not, then due or payable from petitioner to said Kenneth Shibley, but was to be retained by petitioner as a working capital of said petitioner until notice was given to said Kenneth Shibley by the board of directors of petitioner that another arrangement was necessary, and that no such notice was ever given said Kenneth Shibley by said board of directors.

Said writing could not at that time be produced and the attorneys for Marion Shibley objected to the secretary of petitioner testifying as to the contents of said writing, which objection was sustained by the trial court, and the court directed said petitioner to make a search for said writing and produce the same in court on June 27, 1927, to which date said hearing was continued. On June 27, 1927, petitioner, through its secretary, again appeared in said court and said secretary testified that he had been unable to find said writing, whereupon the court directed said secretary to make further search for said writing and again continued the hearing until June 29, 1927. Said court, however, did on said June 27, 1927, after the order of continuance had been made, but before said matter was finally submitted for decision, make an order directing the petitioner, California Filter Company, a corporation, to pay within two days to plaintiff, Marion Shibley, the sum of $350, to be applied on the May award of separate maintenance due from Kenneth Shibley.

Thereafter, and on the said twenty-ninth day of June, 1927, petitioner, through its secretary, again appeared before

said court and the said secretary testified that he had been unable to find said written agreement. Said court thereupon permitted said secretary to testify as to the contents of said written agreement. Said secretary stated that said agreement was entered into some time during the year 1924, and it provided that any credit balance remaining due said defendant, Kenneth Shibley, upon the books of said corporation at the end of any fiscal year should remain with said corporation and be undistributed to the sum of at least $6,000; that the books of said corporation showed that the credit balance of said defendant, Kenneth Shibley, at the time said order to show cause above referred to was issued, was less than $6,000, and was approximately $4,000, and at the time said order to show cause was issued there was no other cash capital in the business of said corporation other than said credit balance. Said order to show cause was then further continued from time to time and an affidavit was filed by the secretary of the petitioner in opposition to said order to show cause and opposing any payment by petitioner. Thereafter, said written agreement was produced and filed with said court. No further evidence was ever presented to or taken by said court upon said order to show cause, and said order to show cause has never been finally submitted to said court for final determination. Petitioner did not pay Marion Shibley the $350, as ordered by the court on June 27, 1927.

Thereafter, and on August 25, 1927, there was served upon petitioner an order, signed by said court, requiring said petitioner to appear before said court on September 2, 1927, and show cause why petitioner should not be adjudged in contempt of said court and punished for failure to obey the said order of June 27, 1927, directing petitioner to pay said plaintiff, Marion Shibley, the sum of $350.

Petitioner appeared before said court on September 2, 1927, in response to said order to show cause, and did set up its claim and defense that it had no money in its possession due, owing, or payable to said Kenneth Shibley, and it was also set up as a defense to said order to show cause that on June 27, 1927, said petitioner had levied upon it a garnishment in an action then pending in said Superior Court, wherein Frank D. Cohen was plaintiff and Kenneth Shibley was defendant, and wherein and whereby petitioner

had been commanded by said court to keep and retain in its possession all funds then due and owing by it to said Kenneth Shibley. Thereafter, and on July 17, 1928, said respondent Superior Court made and entered its order adjudging petitioner guilty of contempt of court and fining petitioner $500 for its failure to obey said order of June 27, 1927; that is, failing to pay said plaintiff, Marion Shibley, $350, and charge the same to the account of Kenneth Shibley.

Petitioner seeks by this proceeding an order requiring the Superior Court of the State of California, in and for the City and County of San Francisco, and the judge thereof, to refrain from taking any action or proceeding having for its purpose the enforcing of the order of June 27, 1927, or punishing petitioner for contempt under the order of July 17, 1928.

Petitioner contends that the order made on June 27, 1927, directing it to pay Marion Shibley $350, is void as being beyond the jurisdiction of said court to make. We think this contention must be sustained. ■ The only interlocutory orders that can be made in an action for divorce or separate maintenance, in favor of a wife, are *orders against the husband,* as provided in section 137 of the Civil Code of this state. This section measures the power of the court in the matter of allowing suit money and support *pendente lite,* and was intended to be exclusive and to embrace the entire subject of the allowance of alimony or maintenance *pendente lite.* (*Norman* v. *Superior Court,* 75 Cal. App. 705 [243 Pac. 451]; *Eisenring* v. *Superior Court,* 34 Cal. App. 749 [168 Pac. 1062]; *Sun Insurance Co.* v. *White,* 123 Cal. 196 [55 Pac. 902]; sec. 4, Civ. Code.)

■ The only proper parties to a divorce or separate maintenance action are, generally, the husband and wife, but in some instances a third party may also be a proper party; for example, where it is charged that the husband has conveyed the community property, or even his separate property, with intent to defraud the wife of her rights therein, the grantee in such fraudulent conveyance may be made a party so that the property may be kept *in statu quo pending the action,* and upon a final determination the property rights may be finally adjudicated. (*Cummings* v. *Cum-*

*mings,* 75 Cal. 437 [17 Pac. 442]; *Weyer* v. *Weyer,* 40 Cal. App. 765 [182 Pac. 776]; *Kashaw* v. *Kashaw et al.,* 3 Cal. 312; 9 Cal. Jur. 700.)

■ A careful examination of the rather voluminous record convinces us that petitioner claimed, and now claims, an interest in the money alleged to be in its hands, adverse to both Kenneth Shibley and Marion Shibley. The trial court was, therefore, without power in a summary proceeding to determine this issue. Petitioner was entitled to its day in court, with a full opportunity to present its defense and have a full hearing upon the merits. This constitutional right was denied petitioner. "It is a cardinal principle of our jurisprudence that one shall not be bound or concluded by a judgment, either in respect to his person or property, unless he has had his day in court, by which is meant until he has been duly cited to appear and has been afforded an opportunity to be heard, and upon such hearing to offer evidence in support of his cause." (5 Cal. Jur. 875, and cases there cited.)

Section 137 of the Civil Code gives the court power to issue an execution upon any order for temporary support and maintenance. Section 717 of the Code of Civil Procedure provides that after a return of an execution against property of the judgment debtor, and upon proof, that any person has property of such judgment debtor, the judge may by order require such person to appear and answer concerning the same. Section 719 of the same code provides that the judge upon such hearing may order any property belonging to the judgment debtor, which is in the hands of any other person, to be applied towards the satisfaction of the judgment, but with this express proviso "But no such order can be made as to . . . property in the hands of any other person . . . if such person claims an interest in the property adverse to the judgment debtor."

■ If we treat the proceeding taken against the petitioner in the court below as a proceeding supplementary to execution, still, petitioner's rights could not be adjudicated in a summary proceeding. (*Colyear* v. *Superior Court,* 40 Cal. App. 462 [181 Pac. 74].)

■ The attorneys for respondent contend that as petitioner made no specific or direct objection to the jurisdiction

of the court below to make the order of June 27, 1927, said order is valid. This contention is wholly without merit. The order complained of, being beyond the jurisdiction of the court to make, is void and can be collaterally attacked. (*Tonningsen* v. *Odd Fellows' Cem. Assn.,* 60 Cal. App. 568 [213 Pac. 710].)

We think a further discussion is unnecessary.

For the reasons above stated, we think that the alternative writ of prohibition heretofore issued should be made permanent, and it is so ordered.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 21, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1929.

All the Justices present concurred.