[Civ. No. 8109. First Appellate District, Division One.—March 17, 1932.]

PACIFIC COAST AUTOMOBILE ASSOCIATION, INC. (a California Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Albert T. Roche, P. J. Ibos and Paul Charles Dana for Petitioner.

Barry J. Colding, Theodore Hale and Carroll B. Crawford for Respondents.

THE COURT.—This is a petition for a writ of prohibition. The principal contention of respondents seems to be that the record made is insufficient to support the proceeding. To some extent this contention has merit. However, by a somewhat equivocal return to the alternative writ and more expressly at the hearing upon said return, the facts were agreed upon and the record supplemented sufficient to squarely present the issue.

In a certain action brought in the Superior Court of the State of California, in and for the City and County of San Francisco, wherein Theodore Hale et al. were plaintiffs and California Highway Indemnity Exchange et al. were defendants, a judgment resulted in favor of plaintiffs for the sum of $3,772.25. Thereafter execution upon said judgment was duly issued and the writ of execution was served upon petitioner herein, Pacific Coast Automobile Association. Answering the said writ of execution, petitioner returned that there was no debt due the judgment debtor, nor any funds in the hands of petitioner belonging to said debtor. Thereafter, pursuant to the provisions of sections 717 and 720 of the Code of Civil Procedure, proceedings supplemental to execution were had, and as a part thereof petitioner, through its secretary, appeared before the respondent court and Honorable Lile T. Jacks, Judge thereof, and was examined concerning any indebtedness which might exist against it and in favor of the judgment debtor and concerning any property in the possession of petitioner which belonged to or was alleged to have belonged to the judgment debtor.

At the hearing petitioner denied any indebtedness to the judgment debtor and denied possession of any money or property of said debtor. The record disclosed that the California Highway Indemnity Exchange had, at a date prior to process, made an assignment of its assets to the Pacific Coast Insurance Association, and that notice of such assignment had been regularly given to petitioner and by it accepted, as a result of which petitioner held nothing belonging to the judgment debtor. The respondent court and the judge thereof thereupon attempted to and did determine the validity and effect of the said assignment, to the end that an order was made directing petitioner to

forthwith pay over and deliver to the judgment creditors the sum of $3,839.65 to be applied to the satisfaction of the judgment. A copy of said order was served upon petitioner on August 21, 1931, and upon its failure to comply therewith, an order of the aforesaid court, by the judge thereof named herein, has been issued and directed to petitioner, commanding it to appear and show cause why its said failure should not be punished as a contempt of court.

The purpose of this proceeding is to prohibit further proceedings in the prosecution of the said order to show cause, and to restrain respondent court and the judge thereof from further steps in the said contempt proceeding. The powers of a court on proceedings supplemental to execution are specified in sections 719 and 720 of the Code of Civil Procedure.

No order can be made as to property in the hands of any other person, or claimed to be due from him, to the judgment debtor if such person claims an interest in the property or *denies the debt*. (Code Civ. Proc., sec. 719.) It will be noted, incidentally, that the portion of the section thus referred to was added to the original code section by way of specific limitation of the court's power. The obvious purpose of the statute is to secure to all parties interested an opportunity for a judicial determination of their respective rights after a full hearing upon issues regularly joined. (*Miller* v. *Superior Court*, 82 Cal. App. 634 [256 Pac. 431]; *Colyear* v. *Superior Court*, 40 Cal. App. 462 [181 Pac. 74]; *California Filter Co.* v. *Superior Court*, 97 Cal. App. 99 [274 Pac. 1012].)

Respondents urge, in opposition to the writ here, that an appeal has been taken from the order directing the payment of the moneys by petitioner, and that therefore the present proceeding will not lie. A complete answer to this contention is found in the case of *Colyear* v. *Superior Court, supra,* wherein it is said: " . . . a sufficient answer is that petitioner is not seeking a review of the order, but seeks to have the court prohibited from making an order based thereon, which the court threatens to and will make, adjudging him guilty of contempt and committing him to jail for refusing to comply therewith, from which, if made, no appeal lies".

Respondents further contend that nothing appears to indicate that petitioner will be adjudged guilty of contempt if the proceeding is permitted to continue. They argue that the court will do but justice, and that if petitioner makes a sufficient showing on the order no punishment will be inflicted. This contention, if adopted, would destroy the remedy of prohibition in all cases.

From the record before us and the issue as made and agreed upon at the hearing, it is a proper case for the exercise of the extraordinary writ. The alternative writ is made permanent.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 16, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1932.