[Civ. No. 40712. Second Dist., Div. Four. Nov. 16, 1972.]

WILLIAM M. MITCHELL et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DAVID W. EVANS, Real Party in Interest.

## COUNSEL

Fred De Luca, Jr., for Petitioners.

No appearance for Respondent.

J. Wallace McKnight for Real Party in Interest.

## Opinion

DUNN, J.—After being found in contempt of the trial court, petitioners herein sought issuance by this court of a writ of certiorari (writ of review, Code Civ. Proc., § 1067). We issued an order staying execution of the order of contempt and thereafter issued a writ of certiorari. We herein annul the contempt order.

In May 1969, David Evans filed a complaint for money due on a promissory note against William M. Mitchell and others. After service was effected, defaults were entered against defendant William M. Mitchell and against named defendants Leventhal and Epstein; judgment for $126,719.24 against these three defendants was entered in September 1969. The judgment was not paid.

In January 1972, Evans noticed a motion to be heard February 15, 1972, directed to William M. Mitchell and to one Sydney Karlin, who was not a party to the original action, asking for "Appointment of Receiver, and Charging Order on Partnership Interest" under Code of Civil Procedure section 564, subdivisions 1 and 4, and Corporations Code section 15028, subdivision (1). Copies of the notice were served upon these persons. At the same time, Evans secured orders and subpenas for the appearances of judgment debtor William M. Mitchell, and of Sydney Karlin and William B. Mitchell as purported debtors of the judgment debtor.

A hearing was held on February 15, 16 and 17, 1972, at the conclusion of which the court found that: Karlin and William M. Mitchell were partners in the operation of "Cascade Car Wash" and that they and William B. Mitchell had engaged in a conspiracy to defraud William M. Mitchell's creditors by transferring his assets to, and concealing them in the names of, Karlin and William B. Mitchell and various named entities; Karlin, William B. and the named entities claim an interest in described properties, including the car wash, adverse to William M. Mitchell, the judgment debtor. The court (1) enjoined Karlin, William B. Mitchell and the named entities from transferring any interest in the properties in which they claimed an adverse interest to William M. Mitchell, (2) ordered that the interest of William M. Mitchell "in the partnership with Sydney Karlin known as Cascade Car Wash . . . is hereby charged with the unsatisfied amount of the Judgment," and (3) appointed Lawrence as receiver of the partnership share of William M. in the assets and profits of Cascade Car Wash "under Corporations Code Sec. 15028 (1)," to take possession of, care for and maintain the property; Karlin and William B. Mitchell were ordered

to deliver the assets to Lawrence. Copies of the order were served personally upon William M. and William B. Mitchell and on Karlin. Lawrence thereafter orally requested them to comply with the order and, when they ignored him, he served them with a formal demand for compliance with the order, his demands being itemized and requiring compliance within five days of receipt thereof.

Thereafter, Lawrence sought an order finding William M. Mitchell, William B. Mitchell and Karlin in contempt, his declaration (Code Civ. Proc., § 1211) reciting the foregoing and that, through his attorney and an agent, he had appeared at Cascade Car Wash; Karlin was present but neither Mitchell was there; through his attorney and the agent, Lawrence requested that Karlin allow the agent to remain on the premises and participate in the daily operation of the business, but Karlin refused. On July 19, 1972, Evans' order to show cause re contempt came on for hearing and the court found William M. Mitchell, William B. Mitchell and Karlin in contempt of its order of February 17, 1972, and sentenced each to five days in jail and to pay a fine of $500. The two Mitchells and Karlin then petitioned this court for a writ of certiorari and, as earlier noted, we issued the writ.

Certiorari is an appropriate relief to seek in a situation such as here presented. (*Brady* v. *Superior Court* (1962) 200 Cal.App.2d 69, 72 [19 Cal.Rptr. 242]; 5 Witkin, Cal. Procedure (2d ed. 1971) Enforcement of Judgment, § 175, p. 3535.) ■ "Certiorari, like prohibition, is, of course, a 'jurisdictional' writ. While it cannot be used to attack an error of a lower tribunal committed in the exercise of its jurisdiction, it is available when that tribunal has acted in excess of its 'jurisdiction.' . . . The meaning of 'jurisdiction' for the purposes of certiorari . . . is different and broader than the meaning of the same term when used in connection with 'jurisdiction' over the person and subject matter." (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 454-455 [20 Cal.Rptr. 321, 369 P.2d 937].) Our Supreme Court further has stated (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 290 [109 P.2d 942, 132 A.L.R. 715]): " '. . . it seems well settled (and there appears to be no case holding to the contrary) that when a statute authorizes prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction, and *certiorari* will lie to correct such excess.' " (Also see: *Rodman* v. *Superior Court* (1939) 13 Cal.2d 262, 269-271 [89 P.2d 109]; Code Civ. Proc., §§ 1068, 1222.)

■ Of the three petitioners here, only William M. Mitchell was a party to the original action entitled Evans v. Mitchell, et al., and only he was

the judgment debtor here involved. Only he and Karlin were named in Evans' notice of motion for appointment of a receiver and to charge partnership interest. William B. Mitchell was not a party to either proceeding. Although the court ordered the debt charged against William M.'s interest "in the partnership with Sydney Karlin" he found that William B. Mitchell also claimed an interest in it. Petitioners are not in the same position and therefore should not be lumped together for analysis. Nevertheless, one facet of the case is involved in common and, in our view, disposes of the three petitioners, together.

Thus, William B. Mitchell and Karlin were named as debtors of the judgment debtor, William M. Mitchell, and were required to appear as such in the supplemental proceedings instituted by Evans. (Code Civ. Proc., §§ 714-723.) Code of Civil Procedure section 719 allows a judge to order a debtor of a judgment debtor, holding property of such debtor or indebted to him, to apply such to satisfying a judgment debt, "but no such order can be made . . . if such person claims an interest in the property adverse to the judgment debtor or denies the debt." Code of Civil Procedure section 720 requires the judgment creditor, under the foregoing circumstances, to file a separate action against the debtor of the judgment debtor. (Evans filed such a complaint on March 9, 1972.) When such an action is filed, it is a proceeding separate and apart from supplemental proceedings. (*Holstein* v. *Superior Court* (1969) 275 Cal.App.2d 708, 710-711 [80 Cal.Rptr. 301].) Pending the filing of such an action, the court is authorized to enjoin the purported debtor of the judgment debtor from transferring the property or the debt. However, there is no authorization for the appointment of a receiver.

As found by the court, Karlin and William B. Mitchell both claimed an interest in Cascade Car Wash adverse to William M. Mitchell. Accordingly, the court exceeded the jurisdiction given to it by the supplemental proceeding statutes (*Pacific Coast Auto. Assn.* v. *Superior Court* (1932) 121 Cal.App. 664 [9 P.2d 880]; *Colyear* v. *Superior Court* (1919) 40 Cal.App. 462 [181 P. 74]) unless it may be said that Corporations Code section 15028 grants such jurisdiction.

It is apparent that contesting a partnership in a supplemental proceeding is not contemplated by Corporations Code section 15028.[1] Rather, it

---

[1]Corporations Code section 15028, subdivision (1) reads: "On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of

assumes the partnership status is unchallenged for it speaks of charging the interest of "a partner" and of "the partnership." *Taylor* v. *S & M Lamp Co.* (1961) 190 Cal.App.2d 700, 707-711 [12 Cal.Rptr. 323] and *Ribero* v. *Callaway* (1948) 87 Cal.App.2d 135 [196 P.2d 109], both relied upon by Evans, are not to the contrary. Where a judgment creditor claims that his judgment debtor has an interest in a partnership and such claim is denied, the creditor may file an action under Code of Civil Procedure section 720 and may secure an injunctive order protecting him from the transfer by other persons, fraudulent or otherwise, of any interest in partnership property. Appointment of a receiver to take over and preserve contested property interests is not authorized by the statute. Corporations Code section 15028 authorizes the court to appoint a receiver only of a partner's "share of the profits, and of any other money due or to fall due to him in respect of the partnership . . . ." Here, the court's order goes beyond such authorization, directing the receiver to take over not only William M. Mitchell's purported interest in the profits and moneys due the partnership, but also requiring the Mitchells and Karlin forthwith to deliver to the receiver all "assets" belonging to William M. Mitchell. While the appointment of a receiver of William M.'s property probably was valid under Code of Civil Procedure section 564, the court purported also to decide that all petitioners must recognize his supposed partnership interest (whatever it was), ordering them to deliver partnership assets to the receiver. By appointing a receiver and instructing him in the terms outlined, the trial court exceeded its jurisdiction; no contempt will lie for the failure or refusal of petitioners to comply with such an invalid order.

Evans, as real party in interest, argues that the proper remedy of petitioners was to appeal from the order appointing a receiver, relying upon *McCarthy* v. *Tally* (1956) 46 Cal.2d 577, 587 [297 P.2d 981], *Brown* v. *Memorial Nat. Home Foundation* (1958) 158 Cal.App.2d 448, 455-457 [322 P.2d 600] and *Tourny* v. *Bryan* (1924) 66 Cal.App. 426, 432-433 [226 P. 21]. These cases are not in point. A contempt adjudication cannot be upheld if the order violated was fatally defective. No one can be punished for disobedience of a void order. (*Fortenbury* v. *Superior Court* (1940) 16 Cal.2d 405 [106 P.2d 411]; *Brady* v. *Superior Court* (1962) 200 Cal.App.2d 69 [19 Cal.Rptr. 242].) ■ While a contempt order is nonappealable (Code Civ. Proc., §§ 904.1, subd. (a)(2), 1222) it may be reviewed by certiorari (*Weber* v. *Superior Court* (1945) 26 Cal.2d 144, 148 [156 P.2d 923]) and, when this is done ". . . the petitioner in his

---

any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts, and inquiries which the debtor partner might have made, or which the circumstances of the case may require."

*direct review* of the *contempt proceeding* collaterally attacks the *underlying order. . . ."* (5 Witkin, Cal. Procedure (2d ed. 1971) Enforcement of Judgment, § 176, p. 3536.) While a void order is appealable, this factor does not *ipso facto* deprive a party of his remedy by a writ which collaterally attacks the order. (*Phelan* v. *Superior Court* (1950) 35 Cal.2d 363, 366-372 [217 P.2d 951].)

The order of the trial court was void on its face since (1) it showed that adverse interests were claimed in the property involved but, nevertheless, attempted to resolve them under Evans' motion rather than in a separate action (Code Civ. Proc., § 720), and (2) it charged the interest of William M. Mitchell in the purported partnership of William M. Mitchell and Karlin (dba Cascade Car Wash) with the entire judgment and directed the receiver to take over partnership assets and to apply funds received toward satisfaction of the debt, but at no place did the order establish the extent or percentage of William M.'s share, or interest, leaving the order so vague as to be unenforceable. As already noted herein, a judgment void on its face for lack of jurisdiction is subject to collateral attack. (*Kaufmann* v. *California Mining etc. Syn.* (1940) 16 Cal.2d 90 [104 P.2d 1038]; *Hahn* v. *Kelly* (1868) 34 Cal. 391; *Palmquist* v. *Palmquist* (1963) 212 Cal.App.2d 340, 344 [27 Cal.Rptr. 756].)

It is apparent that the order finding petitioners in contempt must be set aside and we herewith declare it annulled.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied December 5, 1972, and the petition of the real party in interest for a hearing by the Supreme Court was denied January 11, 1973.