[Sac. No. 4123. Department One.—February 20, 1929.]

J. HARRY BROWN, Respondent, v. HAPPY VALLEY FRUIT GROWERS, INC. (a Corporation), et al., Appellants.

516

R. Lee Chamberlain and William M. Thornton for Appellants.

Carr & Kennedy for Respondent.

SEAWELL, J.—This appeal is from an order denying motions made by certain defendants in the above-entitled action for an order transferring said cause for trial from the county of Shasta to the county of Alameda, the place of residence of said moving parties. The appellant Happy Valley Fruit Growers, Inc., is a corporation with its principal place of business in the county of Alameda. On and prior to December 31, 1925, said corporation was the owner and holder of certain described parcels or tracts of land situate in the county of Shasta.

On December 31, 1925, Howell Lightner commenced an action in the superior court of the county of Alameda to recover a stated indebtedness against said corporation in the sum of $22,363.29. Said corporation offered no defense to said action and judgment accordingly went against it for the gross sum of $24,699.38. Pursuant to an execution issued upon said judgment, the sheriff of the county of Shasta sold at judicial sale on June 19, 1926, said parcels of land owned by said corporation, situate in Shasta County, to Howell Lightner for the sum of $10,000, which sum was applied as a credit upon said judgment. A sheriff's deed of said real property was, on June 21, 1927, executed and delivered to said Lightner.

The complaint alleges that on and prior to December 31, 1925, said corporation was indebted to plaintiff and respondent J. Harry Brown upon an assigned promissory note, dated October 3, 1923, in the principal sum of $5,802.08, together with interest thereon at the rate of seven per cent per annum; that at a time not stated in the complaint, said respondent Brown commenced a suit in the superior court of the county of Butte against said corporation upon said note and obtained judgment on October 19, 1926, for the gross sum of $7,088.90; that upon the filing of said action plaintiff Brown procured a writ of attachment to be issued out of the superior court of the county of Butte directed to the sheriff of the county of Shasta, and said officer by virtue thereof, on April 10, 1926, levied upon and attached all of the interest which said corporation owned in said real property situate in the county of Shasta.

The foregoing facts, taken from the complaint, are sufficient to illustrate the order in which the adversary parties proceeded in their respective efforts to reduce the property of said corporation to satisfaction of their asserted claims.

We now come to the gravamen of the complaint, which is essential in order to determine the nature of the action with reference to the place of trial. The complaint in the present action, filed in the superior court of the county of Shasta is an attack upon a judgment obtained in the county of Alameda, valid upon its face, charging fraud and collusion were practiced by said plaintiff in said action, Howell Lightner, and defendant corporation, with the purpose and design of enabling said Lightner, upon a fraudulent and fictitious cause of action, to obtain said judgment against said corporation to the prejudice and damage of plaintiff herein and other creditors. The prayer of the complaint is for a decree of annulment of said attachment issued out of said superior court of the county of Alameda and the judgment entered thereon on May 20, 1926, in favor of defendant Howell Lightner and against said corporation, and the voidance of all the subsequent proceedings had and acts done pursuant thereto, on the ground that said judgment was procured by the fraud and collusion of the parties to said action, acting in concert,

with the intent and design of defrauding said plaintiff and other creditors of said corporation; further, that defendants Lightner, Thornton and all persons claiming through or under them be restrained from asserting any right, title, interest or claim in or to said Shasta County property by reason of the judgment, or the execution or sale arising out of said judgment; further, that the writ of attachment issued out of the superior court of the county of Butte on April 10, 1926, and levied upon said corporation's Shasta County real property be declared a lien upon said real property prior in time and superior in right to any claim of said defendants herein.

The motion made by appellants at the time this cause was before us for hearing for diminution of the record by including certain matters which were omitted therefrom and which are before us in supplemental form, properly authenticated, is granted.

Defendant Thornton appeared *in propria persona* and as attorney for defendant Lightner, and demurred to the complaint on behalf of both of said defendants. At the same time he gave notice of motion for change of the place of trial, assigning as the grounds therefor that he was at the time of the commencement of the action and had since continued to be a resident of the county of Alameda. In said notice he subscribed himself as attorney *in propria persona* and also attorney for Lightner, but did not move in the latter's behalf. The demand for change of venue was signed "Wm. M. Thornton, defendant," and the affidavit of merits was signed merely in his personal capacity, but the affidavit sets forth his appearance as defendant *in propria persona*. Said corporation likewise appeared by demurring to the complaint and complied with all the provisions of the statute requisite to the right of obtaining a change of venue. In its affidavit of merits said corporation, through its vice-president, Goss, averred its place of residence at the time of the commencement of said action and since to be the county of Alameda, and further averred, upon information and belief, that none of defendants named in said complaint were, at the time of the filing of said complaint, or have since been, residents of the county of Shasta. No counter-affidavits were filed by

respondent. The minute order appearing in the record is "Motion for change of venue denied."

Defendant Lightner, who joined in the demurrer with his attorney and co-defendant Thornton, was not joined with him in said notice of motion for change of venue or in the demand or affidavit of merits, nor did he appear separately in said matters. Attorney Thornton, who was a co-defendant in the action, was unquestionably the attorney and representative of Lightner, as shown by the joint demurrer filed. The corporation was represented by attorney Chamberlain. There is no doubt, however, that all of the defendants acted in concert on the motion to change the place of trial. The trial court apparently considered the motions as jointly made, as the entry in the record is "Motion for change of venue is denied."

It is respondent's claim that inasmuch as Lightner did not in the venue proceeding file an affidavit showing his place of residence to be in a county other than Shasta, that it must be presumed that he was a resident of said county. But it does appear by uncontradicted averment that none of the defendants were residents of said county of Shasta and that at least two of them were residents of the county of Alameda. It is further objected that the affidavit made by the vice-president of the defendant corporation as to the fact that none of said defendants were residents of the county of Shasta was made upon information and belief. It may be said in passing that as the question of residence is largely dependent upon the intent of the person whose residence is the subject of inquiry (sec. 52, subd. 7, and sec. 1239, subd. 10, Pol. Code), an averment based upon information and belief as to the place of residence of a third party should be accepted as a sufficient averment of fact, although such an averment may not be regarded as sufficient in that class of cases where the ultimate fact is susceptible of direct and positive averment. Such an averment is *prima facie* proof of the fact in the absence of any denial or contrary proof whatsoever.

"Whenever the statute, either in express terms or by implication, requires a person to make a statement which from the very nature of things can only be made on information and belief, an affidavit in that form meets the demands of the statute. It is impossible for anyone to

swear positively that a particular person is a nonresident of this state or to say that a nonresident resides at a particular place. In requiring these facts to be stated the statute does not demand the impossible. . . . It does intend that the person making the affidavit . . . shall state these facts upon information and belief—the only possible ground upon which they can be made." (*Smith* v. *Collis,* 42 Mont. 350 [Ann. Cas. 1912A, 1158, 112 Pac. 1070, 1073]; *Leigh* v. *Green,* 64 Neb. 533 [101 Am. St. Rep. 592, 90 N. W. 255].) ■ If none of the defendants were residents of Shasta County the motions for the change of place of trial to Alameda County should have been granted, even though Lightner—who more than likely believed, and whose attorney, Thornton, no doubt likewise believed, Lightner was represented in all the proceedings for the change of venue by his said attorney Thornton—did not join in or consent to the change, provided he was not a resident of Shasta County. In *Wood, Curtis & Co.* v. *Herman Min. Co.,* 139 Cal. 713 [73 Pac. 588], the rule is thus stated:

"In the present case the defendants who had been served made the demand, but other defendants appeared voluntarily, and answered and opposed the demand, and requested that the trial proceed in Sacramento County. It appeared, however, from the affidavit of the moving defendants, and is uncontradicted, 'that none of the defendants named in the complaint on file herein did at the commencement of the action, or since, or now, reside in said county of Sacramento.' This was a compliance with section 395 in that regard. (*Greenleaf* v. *Jacks,* 133 Cal. 506 [65 Pac. 1039].) The language of section 395 requires the action to be tried in the county in which the defendants, or some of them, reside, not where they do not reside. The consent of certain defendants not residing in the county where the action is brought could not take away from the defendants who did not reside there the right to have the cause transferred to the county of their residence. To hold otherwise would be a violation of the provisions of section 395."

■ The right of a defendant to have an action brought against him tried in the county in which he has his residence is an ancient and valuable right, which has always been safeguarded by statute and is supported by a

long line of judicial decisions. "The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception." (*Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 Pac. 209].)

Appellants insist that the action is personal and transitory and no phase of it can properly be included within section 392 of the Code of Civil Procedure, which provides that causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial, to wit:

"For the recovery of real property or of an estate or interest therein, or for the determination, in any form, of such right or interest, and for injuries to real property; for partition of real property; for the foreclosure of all liens and mortgages on real property. . . . "

Unquestionably neither the Alameda County action nor Butte County action involved or in any way affected an injury to, interest in, or right to real property or the foreclosure of a mortgage or lien thereon. The present action is a direct attack upon a judgment entered in the superior court of Alameda County, valid upon its face, upon the grounds of fraud and collusion. Fraud and collusion constitute the crux of the action. It is true that relief incidental to the main question and which follows it as a matter of course is unnecessarily included in the prayer of the complaint. Plaintiff's lien as an incident of the Butte County judgment would remain in full force and effect in the event that the Alameda County judgment should be annulled upon the ground of fraud. There would be absolutely nothing left so far as the condemned judgment is concerned to hinder or impede the plaintiff in the full enjoyment of the fruits of the Butte County judgment. That portion of the prayer of the complaint which prays that defendants be enjoined and restrained from asserting any right, title, interest or claim in said real property by reason of the Alameda County judgment, execution and sale arising thereon and that plaintiff's lien be declared to be prior in right to the claim of said defendants is merely surplusage matter. No claim is made

that the action is one to foreclose a lien, nor is the enforcement of execution or any other immediate threatened action on the part of defendants sought to be stayed. The validity of an existing judgment, valid on its face, is recognized by plaintiff as the pivot point which controls all other questions. But if it could be said that an action to quiet title is joined with matter which forms the subject of a personal action, the answer to that question is that a plaintiff cannot by uniting in his complaint matters which form the subject of a personal action, such as fraud and collusion, with matters which form the subject of a local action, compel the defendants to have both matters tried in a county other than that in which said defendants reside. (*Sheeley* v. *Jones*, 192 Cal. 256 [219 Pac. 744]; *Warner* v. *Warner*, 100 Cal. 11 [34 Pac. 523]; *Smith* v. *Smith*, 88 Cal. 572 [26 Pac. 356]; *Nason* v. *Feldhusen*, 34 Cal. App. 789 [168 Pac. 1162].)

■ Under a system where courts are given co-ordinate jurisdiction, one court will not interfere with the judgment of another court of co-ordinate jurisdiction except where the exigencies of the situation are so exceptionally pressing as to demand the summary intervention of the equity side of said court of co-ordinate jurisdiction. The facts as pleaded present no reason why the instant action should have been commenced in Shasta County. Months before the Butte County judgment was obtained and probably before said Butte County action was filed a writ of attachment was caused by Lightner to be levied upon said Shasta County real property. Said property was sold at execution sale almost four months before the Butte County judgment was obtained. No injunctive relief was sought. The complaint herein was filed months after the process set in motion by the Alameda County judgment had spent its force. The court that rendered the judgment assailed could, upon application made to it, have granted the same adequate relief that any other court in the state could have granted. This being so, the rule is that one court will not interfere with the judgments of another court of co-ordinate jurisdiction. (*Crowley* v. *Davis*, 37 Cal. 268.)

We are of the view that the proper place of trial of said cause was the county of Alameda upon both of the

grounds considered herein. Certainly upon the ground that the action was personal and transitory and none of the defendants resided in the county of Shasta.

The order is reversed.

Curtis, J., and Preston, J., concurred.

Hearing in Bank denied.

All the Justices present concurred.