[L. A. No. 17955. In Bank. Feb. 26, 1942.]

THOMAS PORTER NEET et al., Respondents, v. KENNETH A. HOLMES et al., Appellants.

606

Ralph D. Brown for Appellants.

William Ellis Lady for Respondents.

SHENK, J.—The plaintiffs sued the defendants for an

accounting, for a declaration of trust of certain mining property, and other relief. The action was commenced in Los Angeles County which was the county of the defendants' residence. Mining claims referred to in the complaint were situated in Imperial County. Certain of the defendants moved for a change of venue to Imperial County. The motions were denied and this appeal is prosecuted by the moving defendants from the orders denying their motions.

The appellants, who will be referred to as the defendants, assert that they are entitled to have the action tried in Imperial County for either of two reasons: (1) that all of the causes of action alleged in the complaint are local in character; (2) that if one of the causes of action is local in character the plaintiffs, by joining a transitory cause of action, cannot defeat the right of the defendants to have any question of title of real property or of injuries to real property tried in the county where the real property is situated.

The question of the transitory or local character of the causes of action must be determined from the allegations of the complaint on file at the time the motion was made and from the nature of the judgment which might be rendered thereon, assuming the truth of the allegations. (*Sheeley* v. *Jones*, 192 Cal. 256 [219 Pac. 744]; *Eckstrand* v. *Wilshusen*, 217 Cal. 380 [18 Pac. (2d) 931].)

The complaint in form contains a statement of four causes of action. The first is a common count for money had and received in the sum of $550,000. The second in substance alleges that in 1896 Mary E. Greathouse became the owner of 55/100ths interest in three mining claims, the Padre, Madre and Cargo Muchacho, located in what is now Imperial County; that Mary E. Greathouse died in the State of Kentucky in 1906 and that the plaintiffs in time succeeded to all of her interest in these mining properties. In 1896 Kate S. Wright became the owner of the remaining 45/100ths interest in said mining claims. She died in 1938 and her surviving husband as a joint tenant became the owner of that interest. The defendant, Ray H. Fitzgerrell, an attorney, was married to a niece of Kate S. Wright. The defendants Holmes and Nicholson were associates and partners in the mine ventures. They investigated the value of the Padre, Madre, and Cargo Muchacho mines, looked up the owners, and represented to Fitzgerrell that the mines were valuable. It is then alleged

that the three formed an unlawful conspiracy to obtain possession and control of the mines for their own use and benefit and to defraud the owners of gains therefrom. In January, 1935, they discovered that Mary E. Greathouse was still the owner of record of the 55/100ths interest, that she had died in Versailles, Kentucky, and that her estate in California was without administration. Fitzgerrell obtained a conveyance in trust of the 45/100ths interest of the Wrights. He journeyed to Kentucky by airplane, using funds furnished by Holmes and Nicholson, and made representations in person and by correspondence to the Greathouse heirs, none of whom lived in California, that the mining properties were of no substantial value, that he knew of no one who was interested in the mines, and that he was making the investigation and trips at his own expense to preserve the properties in contemplation of some future possibility of development.

In April, 1935, Fitzgerrell organized a corporation called the Rayfitz Company, had himself elected as president, and his daughter, a girl of college age, as secretary-treasurer. An agreement was then entered into pursuant to which the Greathouse heirs; the plaintiffs herein, transferred to the Rayfitz Company their 55/100ths interest in the mines in exchange for 55 shares of stock. Fitzgerrell conveyed the Wright interest for 45 shares of stock of the company. A lease of said mining properties was then executed by the Rayfitz Company as lessor, and by Holmes and Nicholson as lessees, for a term of five years from August 7, 1935. The complaint contains allegations of details in which the lease is claimed to have been unfair to the lessor. The consideration for the lease is alleged to have been $700 and certain royalties. Holmes, Fitzgerrell acting as his attorney, had himself appointed by the court in California as administrator with the will annexed of the estate of Mary E. Greathouse. During the term of the lease Holmes, Nicholson and Fitzgerrell caused twenty mining claims to be located in the public domain of the United States contiguous and adjacent to the Padre, Madre, and Cargo Muchacho mines. The cost and expenses of making such locations and acquisitions were paid with funds received from ores recovered from the leased mining properties. It is then alleged that the acquisition of the adjacent mining property was and is necessary to the efficient operation of the leased property, but that all of said adjacent

mining claims were located for the personal benefit of Holmes, Nicholson and Fitzgerrell, contrary to the plaintiff's instructions to Fitzgerrell to locate those claims for the benefit of the lessor, and in furtherance of the alleged unlawful plan and conspiracy. Then follow statements of alleged misrepresentations of Fitzgerrell in connection with his attempt to obtain consent to the execution of a second lease of said properties by the Rayfitz Company to the same lessees for a period of twenty years, ''and as long thereafter as gold, silver'' or other metals are mined. The plaintiffs set forth the alleged small amounts of royalties accounted for by the lessees and the decrease in the amounts thereof after Fitzgerrell's unsuccessful attempt to obtain consent to the twenty year lease. The lessees then over a period of months attempted to obtain an additional five year lease, at the same time representing that there were no operations at all on the leased properties. In November, 1938, the plaintiffs rescinded the lease of August, 1935, on statutory grounds (Civil Code, section. 1689), whereupon the operations on said property produced greatly increased amounts of ore. It is then alleged that the defendants failed to protect said property by proper timbering and the surface of the Padre and Madre mines caved in, making it impossible to remove ore still remaining in said mines alleged to be of the value of $200,000; that the defendants withheld and converted to their own use royalties belonging to the lessor and that the plaintiffs are entitled to an accounting of the value of all ore extracted and all moneys received from the operations of all the mining properties mentioned in the complaint; that on July 5, 1939, the Rayfitz Company reconveyed to the plaintiffs their 55/100ths interest in the Padre, Madre and Cargo Muchacho mining claims, the certificates of stock issued to the plaintiffs were surrendered by them and that the plaintiffs are the owners and in possession of said mining properties. Similarly the successors of the Wright 45/100ths interest obtained a conveyance thereof from the Rayfitz Company. The plaintiffs allege the total damage suffered by them and the other owners of the Padre, Madre, and Cargo Muchacho mines to be $1,000,000.

By the second cause of action the plaintiffs ask for an accounting of their 55/100ths percentage of the moneys received from the operations of all the property by the defendants and of the $200,000 damages sustained by reason of the

occupation of the three mining claims. The statement of the second cause of action covers nearly 70 pages of the type-written transcript and contains 46 numbered paragraphs.

The third cause of action reincorporates all 46 paragraphs of the first cause of action, with the additional allegations that more than $400,000 was received by the defendants after the rescission of the lease by the plaintiffs, which sum has been retained by the defendants with the exception of a comparatively small amount; that the plaintiffs are entitled to an accounting of all moneys received from operations from the date of the rescission to the date of the surrender of the leased properties and to a judgment not only for said receipts but for all receipts from the date of the making of the lease to the date of the surrender thereof.

The fourth cause of action realleges by reference all the numbered paragraphs of the second cause of action and in addition realleges the confidential relationships existing as grounds for the allegation that the location and acquisition of the adjacent twenty mining claims by the defendants for their own benefit was a constructive fraud upon the plaintiffs; that the defendants hold said mining claims as constructive trustees for the plaintiffs; that defendants have removed valuable ores from said mines without any accounting thereof to the plaintiffs and that they will so continue to remove ores from said mines unless enjoined from so doing or unless a receiver be appointed. In this cause of action the plaintiffs expressly reallege the loss in possible ore production to the value of $200,000 caused by the cave-in of the Madre and Padre mines as the basis for allegations of necessity for the appointment of a receiver for the mines, including the adjacent twenty mining properties. This cause of action also contains the formal allegation that the defendants claim some right, title and interest in the twenty mining claims which is adverse to the plaintiffs, but that all such claims, except those of the Wright and Greathouse estate interests (their representatives having been made defendants) are invalid.

It is apparent that the granting of the major relief sought by the plaintiffs will depend upon proof of facts constituting such a fraud as to entitle them to any relief pursuant to the alleged second cause of action. Without proof of sufficient facts pursuant to that cause of action, the plaintiffs will not have shown any cause for the major relief asked

under the first, third, and fourth causes of action. All are based mainly on the alleged fraud and misrepresentations of the defendants in connection with the operations of the Padre, Madre, and Cargo Muchacho mines. Title or ownership of those properties is not involved inasmuch as there is no allegation that the defendants claim any interest therein adverse to the plaintiffs. The principal relief sought by the plaintiffs is an accounting of operations in the leased property and in the additional twenty mines located by the defendants, and a judgment based on the fruits thereof including title to the additional mines, of which the plaintiffs have been deprived by the alleged fraud of the defendants. Such an action is a proceeding in equity and is essentially a personal action. (*Smith* v. *Smith*, 88 Cal. 572 [26 Pac. 356]; *Bardwell* v. *Turner*, 219 Cal. 228 [25 Pac. (2d) 978]; *Weygandt* v. *Larson*, 130 Cal. App. 304, 308 [19 Pac. (2d) 852]. See also *Vaughan* v. *Roberts*, 45 Cal. App. (2d) 246 [113 Pac. (2d) 884].)

Therefore, even if we ignore the inclusion of the common count, it cannot be said that all of the causes of action are local in character so as to require the application of section 392 of the Code of Civil Procedure in accord with the first contention of the defendants. In other words, if the action had been brought in Imperial County, the defendants would have been entitled to have it removed to Los Angeles County. (Section 395, Code of Civil Procedure; *Smith* v. *Smith, supra; Sheeley* v. *Jones, supra; Howe* v. *Tucker*, 219 Cal. 193 [25 Pac. (2d) 832]; *Turlock Theatre Co.* v. *Laws*, 12 Cal. (2d) 573 [86 Pac. (2d) 345, 120 A. L. R. 786].) In *Turlock Theatre* v. *Laws, supra*, it was pointed out that an action is transitory rather than local where the right to any real property sought by the plaintiffs depends upon the outcome of a controversy concerning a personal obligation of the defendants, and the judgment rendered thereon would be one to enforce such an obligation. The nature of the action here is essentially transitory, that is, the defendants would be entitled to have it tried in the county of their residence, if the determination of an estate or interest in land is merely incidental to the determination of a cause for equitable relief in trust, fraud, or contract. The nature of the action is local, and must be tried in the county where the land is situated, where it turns on the title to property as distinct from the

personal obligation, and the decree operates *ex proprio vigore* on the title. (*State* v. *Royal Consolidated Mining Co.,* 187 Cal. 343, 351 [202 Pac. 133].) In *Booker* v. *Aitken,* 140 Cal. 471 [74 Pac. 11], an action to recover real property on the ground that a deed of said property was invalid for fraud, was deemed to be local and an order denying a motion for a change of venue to the county of the defendant's residence was affirmed. The principles hereinabove stated were recognized and it was expressly pointed out that in that case neither a personal accounting nor a money judgment was sought, and that the substantial and only specific appropriate relief related to the title of the land deeded to the defendant. Similar cases are *Eckstrand* v. *Wilshusen,* 217 Cal. 380 [18 Pac. (2d) 931] and *State* v. *Royal Consolidated Mining Co., supra.*

In the present case it is obvious that the action turns principally on the personal obligation, as distinct from the title, and that judgment for any mining properties not now owned by the plaintiffs would follow if at all, merely as an incident of the judgment establishing the personal obligation.

The foregoing answers the first contention of the defendants that the action is entirely local in character. It also answers in part their second contention that if any alleged cause of action is local in character, the plaintiffs cannot deprive the defendants of a trial in the county where the property is situated.

In cases where the action has been commenced in the county of the location of the real property and the defendant moved for a change of venue to the county of his residence, it has been declared to be the policy of the law jealously to guard the right of the defendant to have a trial in the county where he resides and that the allegations of a complaint will be strictly construed against the pleader to ascertain whether he has joined a personal or transitory cause so as to entitle the defendant to a trial of the action in the county of his residence. (Section 395, Code of Civil Procedure; *Ah Fong* v. *Sternes,* 79 Cal. 30 [21 P. 381] ; *Smith* v. *Smith,* 88 Cal. 572, 575 [26 Pac. 356] ; *Turlock Theatre* v. *Laws, supra.*) For similar reasons a plaintiff may not join as defendants those who are not real parties in interest merely for the purpose of obtaining a trial in the county of their residence. (Section 395, Code of Civil Procedure.)

Here it is not disputed that all the defendants living in Los Angeles County are real parties in interest and were not joined solely for the purpose of having the action tried in that county, and it may not be said that the plaintiffs have framed the allegations of their complaint so that their action will be considered transitory solely for the purpose of having it tried in the county of the defendant's residence rather than in the county where the mining property is situated. We have concluded that the action is essentially to enforce a personal obligation arising from the alleged fraud of the defendants. But it is said that there is the claim for damages for alleged injuries to the Padre and Madre mines. It should be noted that the relief prayed for in this respect is not the principal relief sought; that the property alleged to have been injured is the property of the plaintiffs, and that any disadvantage resulting from a trial in a county other than that in which the property is situated is theoretically at least, a disadvantage inuring to the plaintiffs rather than to the defendants.

The pleader is required to frame his complaint to show clearly that he is entitled to retain the trial of the action in the county in which it was commenced. (*Sheeley* v. *Jones, supra*.) What we have said is sufficient to demonstrate that the complaint herein clearly shows that the plaintiff is entitled to retain the trial of the action in Los Angeles County.

The defendants' attempt to find support in the case of *Brown Materials Co.* v. *Angus*, 20 Cal. App. (2d) 32 [66 Pac. (2d) 470] for their contention that when local and transitory causes of action are joined, the defendant has the choice of where the action shall be tried. In that case the action was concededly brought in an improper county, which was neither the county of the defendant's residence nor the county of the situs of the real property. The trial court granted the defendant's motion for a change of venue to the county of the location of the real property. The decision in that case cannot be construed as a holding that a defendant would have a right to have an action transferred to the county where the property was situated where the action was otherwise commenced in a proper county.

The defendants also refer to inconveniences which they say are sure to arise in the trial of the action in Los Angeles County, in respect to introduction of evidence, books

and records, and convenience of witnesses. These are not matters which are cognizable on a motion seeking the application of section 392 of the Code of Civil Procedure.

The orders are affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.