[Civ. No. 4506. Fourth Dist. Oct. 7, 1952.]

FRANK E. CLAYCOMB et al., Respondents, v. LEONARD CARONNA et al., Appellants.

David Press for Appellants.

Procopio, Price & Schwartz for Respondents.

GRIFFIN, J.—Plaintiffs brought this action on August 14, 1951, against defendants who then resided in Los Angeles County. The complaint concerns a transaction between plaintiffs and defendants, who were all at that time residing in San Diego County. Plaintiffs agreed to and did purchase from defendants a 2½-acre piece of property. The sale was completed on May 2, 1946.

In count one plaintiffs allege that defendants became indebted to plaintiffs for money had and received for the use and benefit of plaintiffs in the sum of $7,000; that said sum is due and unpaid and that defendants refuse to pay it.

The second count alleges an agreement wherein the defendants agreed to sell to plaintiffs and plaintiffs agreed to purchase from defendants certain real property then and there owned by defendants, which said real property defendants then and there falsely and fraudulently represented to plaintiffs, in certain particulars, to be improved by certain described trees and other improvements; that defendants falsely and fraudulently represented that those trees and improvements were upon a portion of the described real property mentioned in the deed when in fact they were located on a 20-foot strip of adjoining property owned by a third person; that in reliance upon said false and fraudulent representations, plaintiffs

agreed to purchase the property for $11,000 and defendants agreed to execute their grant deed conveying it to plaintiffs; that $3,000 was paid in cash and the unpaid balance of the purchase price was evidenced by a promissory note secured by a trust deed dated May 6, 1946; that $1,152.08 was paid thereon by plaintiffs; that plaintiffs did not discover the true facts regarding the false representations until November, 1950; that by reason of the false and fraudulent representations "plaintiffs have been damaged in the sum of $7,000.00."

As a third cause of action plaintiffs incorporated the provisions of the second cause of action and alleged that they feared defendants might transfer and assign the promissory note and trust deed to an innocent purchaser and therefore plaintiffs' only manner of recovery would be to "adjust the balance due on said promissory note and trust deed by the amount of plaintiffs' judgment obtained herein."

The fourth cause of action is in the ordinary form of quiet title pleading. The prayer for relief is that on the first and second causes of action plaintiffs recover "damage in the sum of $7,000.00" and on the third cause of action that defendants be restrained from transferring the note and trust deed and that they be required to deliver the promissory note and trust deed to the court, and that the same be cancelled. On the fourth cause of action plaintiffs prayed that defendants be required to set forth the nature of their claims to the property described; and for a declaration that defendants have no interest therein.

Defendants moved for a change of venue to Los Angeles County under the provisions of section 395 of the Code of Civil Procedure, and cite such cases as *Postin* v. *Griggs,* 66 Cal. App.2d 147 [151 P.2d 887]; *Hays* v. *Cowles,* 60 Cal.App.2d 514, 516 [141 P.2d 26]; *Brown* v. *Happy Valley Fruit Growers, Inc.,* 206 Cal. 515 [274 P. 977]; *Terry* v. *Rivergarden Farms Co.,* 29 Cal.App. 59 [154 P. 476].

It is plaintiffs' contention that the circumstances of this case clearly bring it within the purview of section 395, subdivision 1 of the Code of Civil Procedure that:

". . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action. . . ."

Plaintiffs contend that the present action arises out of an ordinary written contract between the parties for the sale and purchase of real property; that the defendants were the sellers and plaintiffs were the buyers; that the contract was made and entered into by the parties in the county of San Diego; that it pertained to the sale of land located therein and that it was in every respect to be performed in San Diego County by all the parties; that the facts shown indicate that all of the causes of action of the complaint require a trial in the county where the suit was filed; and that under section 395, *supra*, the defendants were not entitled to a change of venue to the county of their residence.

It is fundamental law that the normal right of a defendant is to have an action tried in the county of his residence. In order to have the cause tried elsewhere, the plaintiff must bring himself clearly within the terms of some statutory exception. A pleader is required to frame his complaint to show clearly that he is entitled to retain the trial of the action in the county in which it was commenced. (*Bybee* v. *Fairchild,* 75 Cal.App.2d 35 [170 P.2d 54]; *Lyons* v. *Brunswick-Balke-Collender Co.,* 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173]; *Neet* v. *Holmes,* 19 Cal.2d 605, 613 [122 P.2d 557].)

Count one does not set forth where, when, or how the defendants became indebted to plaintiffs. There is nothing alleged in this cause of action that indicates that it pertains to a local action which should be tried in San Diego County. Actions on contract, except as provided by statute, are personal actions triable in the county of defendant's residence. Ordinarily, an action for money had and received is triable in the county of defendant's residence. (*Sexton* v. *Simondet,* 97 Cal.App.2d 894 [218 P.2d 1021].) Accordingly, since plaintiffs have made no showing that would bring them within any exception, that count should be tried in the county of defendants' residence.

Count two is based on fraud and misrepresentation concerning certain real property in San Diego County. The sale was consummated in 1946. Plaintiffs only seek damages for fraud and false representation and a judgment by default, entered upon such count would not, in any manner, involve the title to the property, but would only involve the question of payment of money. No cancellation of instruments or contracts involving the title to real property is sought. An action, the gravamen of which is fraud, is triable in the county of

the residence of the defendant, and the mere fact that, incidentally, rights in real property may be involved, does not change the rule. (*Brown* v. *Happy Valley Fruit Growers, Inc.,* 206 Cal. 515 [274 P. 977]; *Postin* v. *Griggs,* 66 Cal.App.2d 147, 149 [151 P.2d 887].) The case of *Kaluzok* v. *Brisson,* 27 Cal.2d 760 [167 P.2d 481], clearly establishes the fundamental law particularly applicable to the facts in the instant case wherein it is said quoting from the syllabus:

''Where a vendee induced to enter into a contract by fraud of a vendor elects to sue for damages, he seeks an affirmance of the transaction and restitution to the extent of the damages suffered on account of the fraud.

''The right of a plaintiff to have an action tried in a county other than that of defendant's residence is exceptional, and if plaintiff would claim such right he must bring himself within the exception.

''An action for damages for fraud in the sale of real property does not come within the purview of Code Civ. Proc. § 392, subd. 1, providing that the county in which realty is situated is the proper forum for the determination in any form of a right or interest in the realty, and the action must be tried in the county of defendants' residence as required by Code Civ. Proc., § 395, subd. 1, since title to the realty would not be affected if the cause should proceed as on a default.''

■ Such is the situation here. A judgment by default, entered upon counts one and two, would result in nothing but a judgment for damages for fraud. ■ Count three is a mere personal action to restrain the defendants from assigning the note and trust deed, and it prays that defendants deliver them to the court and that they be canceled. The grounds of cancellation are not set forth, and it is apparent by count two that plaintiffs are electing to stand upon their contract of purchase and only seek damages by way of fraud. An action for the cancellation of a security is not necessarily local where no interest in real property is determined or affected.

From a reading of the third cause of action it affirmatively appears that the only purpose suggested by that count is that in case a judgment is obtained against the defendants, the plaintiffs might adjust the balance due on the promissory note and trust deed. A judgment determining this fact would not involve a determination of interest in real property. It would merely amount to a reduction of the obligation represented by the promissory note. In *Kaluzok* v. *Brisson, supra,*

at page 764, a similar claim to that made by plaintiffs was rejected.

The last cause of action, standing alone, might be held to constitute a local action but plaintiffs, by including such count in their main cause of action, cannot retain jurisdiction in San Diego County merely by such a pleading. The rule is set out in *Hays* v. *Cowles,* 60 Cal.App.2d 514, 516 [141 P.2d 26], and supported by other cases therein enumerated:

"By an unbroken chain of decisions beginning with *Smith* v. *Smith,* 88 Cal. 572 [26 P. 356], it has been definitely established that section 392 upon which respondent here relies is effective only when real property or the title thereto is the exclusive subject matter of the action, and that when a cause of action for relief *in personam* also is joined, the defendant is entitled to have the cause transferred to the county of his residence." And, citing from *Smtih* v. *Smith, supra,* the court said: " 'The plaintiff cannot, by uniting in his complaint matters which form the subject of a personal action with matters which form the subject of a local action, compel the defendant to have both those matters tried in a county other than that in which he resides.' "

The court erred in refusing to grant the motion for change of venue.

Order reversed.

Barnard, P. J., and Mussell, J., concurred.