[Civ. No. 27374. Second Dist., Div. One. Aug. 12, 1963.]

PAUL M. THIELEN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; OAKLEY VENTURES et al., Real Parties in Interest.

Wolver & Wolver and Eugene L. Wolver for Petitioner.

No appearance for Respondent.

Cavalletto, Webster, Mullen & McCaughey and Robert O. Angle for Real Parties in Interest.

THE COURT.—This is a petition for a writ of mandate to compel the respondent court to vacate its order granting motion for change of the place of trial.

The action was brought in Los Angeles County by petitioner against Oakley Ventures, a corporation, Jules Oakley, and Title Insurance & Trust Company. Motion for change of venue to Santa Barbara County was made by Oakley Ventures and Jules Oakley on the ground that the action is "for the recovery of an interest or estate in real property, for the quieting of title to, and for the determination of a right or interest in real property . . ." situated in Santa Barbara County. The court granted the motion, referring in its minute order to article VI, section 6,[1] of the Constitution.

■ The plaintiff's choice of venue is presumptively correct. (*J. C. Millett Co.* v. *Latchford-Marble Glass Co.*, 144 Cal.App.2d 838, 839 [301 P.2d 914]; *Ward Mfg. Co.* v. *Miley*, 131 Cal.App.2d 603 606 [281 P.2d 343].) ■ Inasmuch as the motion did not question the propriety of venue as laid on any other ground, the sole question is whether this is a local action. (*De Long* v. *De Long*, 127 Cal.App.2d 373, 374 [273 P.2d 921].) This question must be determined from the allegations of the complaint and from the nature of the judgment which might be rendered thereon, assuming the truth of the allegations. (*Eckstrand* v. *Wilshusen*, 217 Cal. 380, 381 [18 P.2d 931]; *Neet* v. *Holmes*, 19 Cal.2d 605, 607 [122 P.2d 557].) ■ Questions as to the legal sufficiency of

---

[1]Article VI, section 6, is not in point; we assume the court intended to cite article VI, section 5, which, in part, provides that "all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate . . . is situated."

the complaint do not arise on the determination of the motion for change of venue. (*Eckstrand* v. *Wilshusen, supra,* 217 Cal. 380, 383.)

The complaint sets forth a statement of four causes of action. The allegations of the first cause of action are in substance as follows: On or about February 6, 1962, Oakley Ventures and one Carl Doumani entered into an agreement under which the former agreed to sell and the latter agreed to purchase described real property in the City of Santa Barbara. Prior to or on that date defendants were informed by Doumani that he would assign his right of purchase to another person designated in the agreement as his nominee and that the purchase was dependent upon the assignment. On or about April 30, 1962, Oakley Ventures and Jules Oakley, individually and as agent for the corporate defendants, made statements to Doumani and his agent intending that they would repeat the statements to the proposed nominee, including plaintiff, and that the nominee would thereby be induced to and in reliance thereon would assume the obligations of the contract of purchase. Doumani and his agent repeated said statements to petitioner as nominee. The statements were to the effect that said real property had legal access to public streets and highways and was zoned for construction of multiple-residence dwellings, that the conveyance would include merchantable and marketable title, that licenses and permits for the aforesaid structures could be issued pursuant to Santa Barbara City ordinances, and interim and final loans for such construction could be obtained from conventional lending institutions. The statements were false and were known to defendants to be false at the time they were made. In furtherance of the purchase and sale agreement, petitioner gave his promissory note for $113,586 to Oakley Ventures and a deed of trust securing same. The deed of trust was recorded in Santa Barbara County. Title Insurance & Trust Company subsequently was substituted as trustee in place of the original trustee. Thereafter defendant caused Title Insurance & Trust Company, as trustee, to record notice of election to sell under said deed of trust and to set the sale for February 25, 1963. By reason of petitioner's reliance upon the statements, petitioner has expended approximately $40,000 in obtaining plans and doing acts in contemplation of the construction of multiple-residence dwellings, and has signed promissory notes aggregating $25,000 to the order and for the benefit of Carl Doumani. Petitioner has and will have further and additional

losses, damages and injuries in the event of a trustee's sale. The contemplated sale constitutes a forfeiture and any noncompliance with the provisions of the note and deed of trust has been, by reason of the facts alleged, without any negligence, wilfulness or breach of duty on the part of petitioner. Petitioner is now and at all times herein has been ready, willing and able to pay such sums as may be just and equitable. Petitioner has no plain and speedy remedy at law and will suffer irreparable injury unless the sale is restrained.

As a second cause of action, the complaint repeats the foregoing allegations except that in place of the allegations that false representations were made to Doumani and his agent, it is alleged that on or about April 30, 1962, defendants, agreeing to subordinate their encumbrance rights when requested, represented to petitioner, in order to induce him to execute the note and trust deed, that he could within a reasonable period of time obtain loans from conventional lending institutions and could within the period he contemplated, to wit, a reasonable period of time thereafter, construct multiple-residence dwellings on the property; that in reliance upon the misrepresentations and believing the same to be true, petitioner executed and delivered the note and trust deed; that the statements were untrue and known by defendants to be untrue; that petitioner at all times herein has been and now is unable to construct said dwellings because city licenses and construction loans cannot be obtained; that defendants at the time the statements were made knew and concealed the facts that the property was not zoned for multiple dwellings, did not have legal access to streets, that licenses and permits would not be issued, and that financing could not be obtained. Such facts were concealed for the sole purpose of inducing petitioner to execute and deliver his note and trust deed.

The third cause of action realleges all of the allegations of the first and second and further alleges that by reason of the foregoing facts the defendants should be estopped from any acts of forfeiture, including proceeding with the trustee's sale.

The fourth cause of action realleges the allegations of the first and second causes. It further alleges that the property at all times mentioned was illegally separated from adjacent property, contrary to the terms and provisions of the city ordinances; that it did not have legal access to public streets and highways; that, the legal description being inadequate, any title that could be conveyed would not be valid, mer-

chantable, or marketable; that the property was not capable or susceptible of legal construction thereon of multiple-residence dwellings; and that the requisite licenses and permits for construction or interim or final loans could not be obtained. It is then alleged that there is a bona fide controversy between plaintiff and defendants as to whether defendants have legal or equitable right to declare petitioner in default, whether they are estopped by reason of their contract from proceeding with the trustee's sale, and whether they are precluded from asserting any forfeiture by reason of plaintiff's tender of full compensation without any gross neglect, wilfulness or breach of duty.

The complaint prays: (1) that defendants be enjoined from declaring any forfeiture or act in the nature of forfeiture in regard to the promissory note and deed of trust and from proceeding with the trustee's sale; (2) that they be so enjoined pending the hearing of the matter; (3) that the court declare the rights, duties and obligations of the parties in respect to the alleged controversy regarding default and forfeiture; and (4) that the court "find and ascertain what damage, if any, plaintiff is entitled to" and render judgment therefor.

The record shows that upon the filing of the complaint a temporary restraining order issued to restrain the trustee and Oakley Ventures from proceeding with sale under the power in the deed of trust and from transferring the promissory note.

■ An action, the gravamen of which is fraud, is transitory and the mere fact that, incidentally, rights in real property may be involved, does not change the rule. (*Brown* v. *Happy Valley Fruit Growers,* 206 Cal. 515, 522 [274 P. 977]; *Howe* v. *Tucker,* 219 Cal. 193 [25 P.2d 832]; *Postin* v. *Griggs,* 66 Cal.App.2d 147, 149 [151 P.2d 887]; *Kaluzok* v. *Brisson,* 27 Cal.2d 760 [167 P.2d 481, 163 A.L.R. 1308]; *Claycomb* v. *Caronna,* 113 Cal.App.2d 561, 564-565 [248 P.2d 779]; *Cade* v. *Superior Court,* 191 Cal.App.2d 554, 559 [12 Cal.Rptr. 847].) ■ Even though an action relates to real property in some way it is not regarded as local unless some interest therein will be determined by the judgment. (*Kaluzok* v. *Brisson, supra,* 27 Cal.2d 760; *Claycomb* v. *Caronna, supra,* 113 Cal. App.2d 561, 564-565.) ■ Furthermore, an action is essentially transitory if the determination of an estate or interest in land is merely incidental to the determination of a cause for equitable relief in trust, fraud or contract. ( *Ponderosa Sky Ranch* v. *Okay Improvement Corp.,* 204 Cal.App.2d 227,

230 [22 Cal.Rptr. 90].) It is local if it turns on the title to property as distinct from a personal obligation and the decree operates *"ex proprio vigore* on the title." (*Neet v. Holmes, supra,* 19 Cal.2d 605, 611-612.)

 It is apparent that each of the counts pleaded is based on and petitioner's alleged rights thereunder arise from a claim of fraud and misrepresentation. The granting of the relief sought will depend upon proof of the facts constituting fraud. The declaratory and injunctive relief relating to the real property will follow only as an incident of tort liability. It is likewise apparent that petitioner is electing to stand upon his contract of purchase and, while it is not expressly stated, is seeking to avoid a forfeiture under the deed of trust by adjusting any balance due on the promissory note and trust deed by application of the amount of damages obtained on account of defendants' alleged fraud. A judgment to this effect would not involve a determination of an interest in real property. (*Kaluzok* v. *Brisson, supra,* 27 Cal.2d 760, 764; *Claycomb* v. *Caronna,* 113 Cal.App.2d 561, 565 [248 P.2d 779].)

In *Kaluzok* v. *Brisson, supra,* 27 Cal.2d 760, plaintiffs alleged that in reliance on defendants' fraudulent representations they were induced to purchase real property and to execute and deliver a note secured by a trust deed, as a result of which they suffered damages. They prayed for judgment in the amount of $20,000, asking that the sums recovered be credited to the unpaid balance of the note. Plaintiffs' election to affirm the contract and seek damages made this a simple transitory action for money. It was held that the prayer of the complaint seeking to have the amount of damages applied on the promissory note could not in any substantial sense result "in a 'determination in any form' " of an interest in real property.

In *Claycomb* v. *Caronna, supra,* 113 Cal.App.2d 561, the complaint set out four counts. In the first count the plaintiffs alleged a common count for indebtedness in the amount of $7,000. The second count alleged a purchase of real property and execution of a note and trust deed by plaintiffs to defendants in reliance on false representations of defendants, resulting in damages in the amount of $7,000. A third count incorporated the allegations of the second and alleged that plaintiffs feared defendants would transfer the note and trust deed, and therefore plaintiffs' only manner of recovery would be to " 'adjust the balance due on said promissory note and

trust deed by the amount of plaintiffs' judgment obtained herein.' '' The fourth count set forth a cause of action in the ordinary form of quiet title. The prayer sought damages in the sum of $7,000; that defendants be restrained from transferring the note and trust deed; that the note and trust deed be cancelled; and that it be decreed that defendants had no interest in the real property. The opinion pointed out that as to counts one and two a judgment by default would be a judgment for damages for fraud and that count three was simply a personal action to restrain the defendants, not an action where an interest in real property was to be determined or affected, and its only purpose appeared to be to adjust the balance due on the promissory note and trust deed after the determination of damages. As to the fourth count, it pointed out that, although when standing alone it might be held to constitute a local action, when joined with a transitory cause it was triable in the county of defendants' residence under the rule of *Smith* v. *Smith,* 88 Cal. 572 [26 P. 356].

In the light of the foregoing authorities, it is clear that the provisions for local venue (Cal. Const., art. VI, § 5; Code Civ. Proc., § 392) are inapplicable to the present action. Let the writ issue.