[Civ. No. 446.    Fifth Dist.    Feb. 11, 1965.]

KERMIT ELLSWORTH JOHNSON, Petitioner, v. THE SUPERIOR COURT OF FRESNO COUNTY, Respondent; ALFRED SIGMUND OLSEN et al., Real Parties in Interest.

No appearance for Respondent.

William A. Bloyd for Real Parties in Interest.

BROWN (R. M.), J.—Petitioner seeks a writ of mandate compelling the superior court to vacate and set aside its order

denying petitioner's motion for change of venue from Fresno County to Orange County, and to grant such change.

The real parties in interest filed their complaint in Fresno County entitled ''Action for Breach of Contract.'' Petitioner, as the defendant, filed a demurrer and moved for a change of venue on the sole ground that he resided and maintained his office for the transaction of business in Orange County, which is the proper court for the trial of this cause. To the motion was attached a declaration executed by the defendant in which he states that at the time of the commencement of the action he resided in Orange County. The plaintiffs filed a counteraffidavit averring that the complaint was one for breach of contract and that any language contained therein which sounds in tort goes only to the bad faith of the defendant in performance and does not purport to state a cause of action. The counteraffidavit also averred that substantially all the witnesses in said action resided in Fresno County.

The trial court denied the motion for the change of venue and it is from this order that petitioner filed his petition for a writ of mandate.

Although the counteraffidavit mentions convenience of witnesses, the trial court could not have based its order on that ground. ■ The court will not entertain a motion for change of venue on the ground of convenience of witnesses when the defendant has not filed an answer, for the reason that until the issues are joined the court cannot determine what testimony will be material. (*Pearson* v. *Superior Court,* 199 Cal.App.2d 69, 75, 76 [18 Cal.Rptr. 578], and cases there cited.) ■ For the same reason, a motion for change of venue cannot be defeated on the ground of convenience of witnesses until an answer is filed. ■ In this case no answer was filed, but only a demurrer. Such an attempt to retain the venue as laid in an improper court for convenience of witnesses can be made only when an answer has been filed. (*Rowland* v. *Bruton,* 125 Cal.App. 697, 701 [14 P.2d 116]; *Gordon* v. *Perkins,* 203 Cal. 183, 185 [263 P. 231].) Therefore, if the defendant accompanies his motion with a demurrer, but not an answer, the court cannot consider a motion to retain for convenience of witnesses, but must transfer the case to the proper court. (*Gilman* v. *Nordin,* 112 Cal.App.2d 788, 793 [247 P.2d 394]; *DeLong* v. *DeLong,* 127 Cal.App.2d 373, 374 [273 P.2d 921].)

These rules being applicable, no purpose would be served by a discussion of the insufficiency of the counteraffidavit in that it fails to mention the names of witnesses, et cetera. Such lack

has been held to be fatally defective. (*Pearson* v. *Superior Court, supra,* 199 Cal.App.2d 69, 78-79.)

Thus, it is clear that the order of denial was based solely on the ground of residence of defendant in Orange County.

Before proceeding further, it must be noted that the plaintiffs in their answer to the petition alleged that prior to the hearing on the motion for change of venue (but after the motion was filed), they filed, with permission of the court first had and obtained, an amended complaint eliminating the words objected to which charged the defendant with a certain state of mind at the time of the breach of contract. These are the words which defendant contends state a tort cause of action. ■ It is the rule that after a motion for change of venue has been made the plaintiff may not amend his complaint by way of counteraffidavit on hearing of the motion. (*Archer* v. *Superior Court,* 202 Cal.App.2d 417, 420 [21 Cal. Rptr. 48].) ■ The question of the nature of the action must be determined at the time of the hearing of a motion for a change of venue from allegations of the complaint which was on file at the time the motion was made and from the nature of a default judgment which might be rendered thereon, assuming the truth of the allegations. (*Mettler* v. *Hedley,* 170 Cal.App.2d 277, 280 [338 P.2d 489].) It is clear that petitioner defendant contends the complaint alleges a cause of action ex contractu and a cause of action ex delicto, though not separately stated, which he is entitled to have tried in the county of his residence. The plaintiffs, on the other hand, claim that the complaint alleges a single cause of action based on a contract made, to be performed, and partially performed, in the County of Fresno, which they are entitled to have tried there.

The first cause of action stated in the complaint identifies the plaintiff Olsen and the petitioner-defendant Johnson as licensed real estate brokers, and identifies one Yasugi Kubo as a licensed real estate salesman and the agent of defendant Johnson; it sets forth that the oral contract was made and entered into in Fresno County, that the contract arose out of negotiations whereby Kubo proposed to plaintiff that defendant Johnson had customers who were interested in acquiring real estate located in the San Joaquin Valley, that an oral agreement was made with Kubo acting for the petitioner in which the plaintiff agreed to disclose to Kubo leads to persons who might sell or lease any real property, and should any completed transactions result, the plaintiff would pay to the petitioner-defendant at least one-half of the commission.

Among other things agreed to in addition to the division of commissions, was that the petitioner-defendant promised that plaintiff could represent to other brokers that the petitioner-defendant would deal with plaintiff alone and that he promised that he would not do any act or thing which would affect any lead from not resulting in a real estate transaction, that it was impliedly agreed that the oral agreement was revocable upon notice of either party, and that the defendant impliedly notified plaintiff of his intention to revoke said agreement. It is further alleged that the plaintiff and defendant negotiated numerous real estate transactions and split the commissions; that plaintiff allowed defendant to use plaintiff's office facilities, and disclosed details of leads and listings of real property available for sale or lease known to the plaintiff. From such information the plaintiff alleges that the petitioner and defendant and his agent ''highjacked'' the leads to various properties and entered into certain lease agreements and received certain benefits to the damage of the plaintiffs in various sums.

The language in the complaint which gives rise to plaintiffs' present venue problem is as follows: ''That plaintiff is informed and believes and thereon alleges that defendant and his agent, intending to harass, annoy, persecute, injure and destroy and otherwise interfere with the due prosecution of plaintiff's real estate business and in violation of the terms and intention of said agreement, has knowingly, intentionally, and maliciously attempted to high-jack and procure listings from other leads and/or owners introduced to defendant by and through his agent, YASUGI KUBO, by plaintiff and associated real estate brokers, in violation of the terms of said agreement and have made insinuating remarks about plaintiff's ability to conduct business to leads and/or owners of property in the San Joaquin Valley; that as a direct result of the unlawful, malicious, and wrongful conduct of said defendant and his agent, plaintiff's business reputation with all of the other associated brokers, leads, and owners of property he had listed has been greatly damaged and plaintiff has been deprived of the benefits of said contract and seeks damages against defendant for his loss as a direct and proximate result thereof in the sum of $30,000.00.''

The second cause of action, on behalf of the other plaintiff, Jack D. Bedrosian, incorporated by reference all of the allegations of the first cause of action and added that as a direct result, he had been damaged in the sum of $15,000.

In his prayer, plaintiff Olsen prayed judgment for damages in the sum of $16,000, and damages to his business reputation and business in the sum of $30,000; while the other plaintiff, Bedrosian, prayed judgment for damages in the sum of $15,000.

Petitioner's notice of motion for change of venue states only the ground that petitioner resides in, and has his place of business in, Orange County. Although no reference is made in the notice to the nature of the action, it is clear from the points and authorities attached thereto that petitioner's position is that the complaint contains a cause of action for unlawful, malicious and wrongful conduct resulting in damage to the business reputation of each of the plaintiffs and that such causes of action sound in tort, not in contract. (*Graham* v. *Mixon,* 177 Cal. 88 [169 P. 1003, L.R.A. 1918F 1023].)

The counteraffidavit recites that the wrongful conduct as specifically set forth in the complaint, violates the express and implied terms of the contract going to the bad faith of the defendant in performance; "that a summary of the contract is that plaintiffs were obligated to obtain leads and listings on property for sale and that defendant would procure customers that would be interested in purchasing said property; that the purpose of said contract was to attempt to consummate real estate transactions which would result in a commission; that any conduct that would tend to deprive leads or customers away from plaintiffs would frustrate the purpose of said contract."

Plaintiffs' choice of venue is presumptively proper. (*Thielen* v. *Superior Court,* 219 Cal.App.2d 217, 218 [33 Cal. Rptr. 1].) When several causes of action are alleged in a complaint, a motion for change of venue must be granted on all causes if defendant is entitled to a change on any one. (*Quick* v. *Corsaro,* 180 Cal.App.2d 831, 835 [4 Cal.Rptr. 674].) As was stated in *Kaluzok* v. *Brisson,* 27 Cal.2d 760, at page 763 [167 P.2d 481, 163 A.L.R. 1308] : "The right of a defendant to have an action brought against him tried in the county of his residence is an ancient and valuable right, safeguarded by statute and supported by a long line of decisions. The right of a plaintiff to have an action tried in a county other than that of the defendant's residence is exceptional. If the plaintiff would claim such right he must bring himself within the exception."

In passing upon a motion for a change of venue the court must take the pleading as it is written; its sufficiency

is not before the court, and the court may not speculate upon the appearance of the complaint after it is challenged by demurrer or as it may be tested by motions to strike. (*Kostal* v. *Pullen,* 36 Cal.2d 528, 530 [225 P.2d 217]; *Eckstrand* v. *Wilshusen,* 217 Cal. 380, 383 [18 P.2d 931].) Section 395 of the Code of Civil Procedure provides, in pertinent part: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, . . . shall be a proper county for the trial of an action founded on such obligation, . . ."

■ However, an action based upon injury to person or personal property which is not a physical injury, such as libel, malicious prosecution and false imprisonment, is triable solely at the defendant's residence. (*Graham* v. *Mixon, supra,* 177 Cal. 88; *Monk* v. *Ehret,* 192 Cal. 186 [219 P. 452]; 1 Witkin, Cal. Procedure, Actions, §§ 218, 219, pp. 730-731.) The sole question, then, is whether the complaint alleges a cause of action for damage to the plaintiffs' business reputation. The answer must be ascertained from the allegations of the complaint and the scope of the judgment which might be entered thereon, assuming the truth of the allegations. (*Hale* v. *Bohannon,* 38 Cal.2d 458, 466 [241 P.2d 4]; *Kaluzok* v. *Brisson, supra,* 27 Cal.2d 760, 762; *Thielen* v. *Superior Court, supra,* 219 Cal.App.2d 217, 218; *Neet* v. *Holmes,* 19 Cal.2d 605, 607 [122 P.2d 557].)

A case which deals with a complaint which is very close in its language to the complaint herein involved is *Bybee* v. *Fairchild,* 75 Cal.App.2d 35 [170 P. 2d 54]. The complaint purported to state only one cause of action based on fraud which injured the plaintiff's real property and cast a cloud thereon; however, included in the single count, the plaintiff alleged: " 'that the plaintiff is and at all times herein mentioned was a duly licensed real estate broker and that the false and fraudulent representations and conduct of the defendants and the wrongful and malicious maintaining of said abstract and said cloud . . . have interfered with this plaintiff's ability and opportunity to buy and sell real property and to carry on his said business of a real estate broker, to his general damage in the sum of $12,500.00.' " (P. 43.)

The appellate court, at page 43 of the opinion, said: "From this allegation we find that the alleged fraud not only injured plaintiff's real property, but also injured him in the operation of his business. This is a separate cause of action, although

not separately and somewhat incompletely stated. This is a cause of action for money damages not growing out of injury to real property. It is transitory in nature. It is not merely incidental to the local actions above discussed because it is not dependent upon the success of the plaintiff as to those causes of action.'' It was held that the defendants were entitled to a change of venue to Lassen County, where they resided.

In our case the complaint purports to state only one cause of action for damages for breach of contract, but included in the single count are the allegations that the wrongful conduct of the petitioner interfered with the plaintiffs' business and damaged them in their business reputation to the extent of $30,000. Such a cause of action is not incidental to a breach of contract action, nor is it dependent upon plaintiffs' success in establishing their right to damages for breach of contract. Plaintiffs might recover damages for breach of contract and damages for injury to their business reputation, or one, or neither. One is not dependent upon the other. See *L. B. Laboratories, Inc.* v. *Mitchell,* 39 Cal.2d 56, 62 [244 P.2d 385], where it is said that where there is overlapping and where it is not clear to which class an action belongs, it will be ordinarily construed as in contract rather than in tort. But here, it is clear that one is not dependent upon, nor does one arise from, the other.

In *Rosen* v. *Kessler,* 145 Cal.App.2d 676 [303 P.2d 110], an order granting a change of venue was affirmed on appeal. The complaint contained four causes of action, the first three involving the rescission of a contract, an accounting, and a breach of an agreement, respectively; while the fourth cause of action was for damages for $15,000 for the failure of defendants to pay the creditors and a bank note, for humiliation and embarrassment and loss of income from his practice of the legal profession by plaintiff. With reference to the fourth cause of action, the court said at pages 682-683:

''The fourth cause of action, similarly stated, is predicated solely upon claimed breach of contract, slander and damage to plaintiff's legal business, claimed loss of money from the practice of his profession for the reasons expressed, and is personal and transitory within the meaning of section 395 of the Code of Civil Procedure. At least this last claimed cause of action is clearly a transitory action and could not be classified as incidental to, and dependent upon, the first cause of action for its success, so as to bring it within the

exceptions noted in *Brown Materials Co., Ltd.* v. *Angus,* 20 Cal.App.2d 32 [66 P.2d 470], relied upon by plaintiff. (See also *Bybee* v. *Fairchild,* 75 Cal.App.2d 35 [170 P.2d 54].) If there is one such cause of action, then the defendants are entitled to the change no matter how many other causes may be set forth in which they are not entitled to the change.''

In the case before us the petitioner-defendant could have made insinuations about the business ability of the plaintiffs to the damage of their business reputation whether or not there was a contract. That cause of action sounds in tort. It may not be classified as incidental to, and dependent upon, the cause of action for claimed breach of contract, and it is clearly transitory.

Let a peremptory writ of mandate issue as prayed.

Conley, P. J., and Stone, J., concurred.

A petition for a rehearing was denied March 8, 1965.