[Civ. No. 9717. Fourth Dist., Div. One. Aug. 19, 1969.]

GEORGE M. HOLSTEIN III et al., Petitioners, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent; KEARNY VILLA CONSTRUCTION COMPANY, INC., Real Party in Interest.

Fulop, Rolston & Burns and Alan M. Mund for Petitioners.

No appearance for Respondent.

Seltzer, Caplan, Wilkins & McMahon and Reginald A. Vitek for Real Party in Interest.

COUGHLIN, J.—Petitioners are defendants in a complaint filed in the Superior Court of San Diego County by Kearny Villa Construction Company, Inc., Real Party in Interest, as plaintiff; moved the superior court for a change of venue to Orange County upon the ground each of them is a resident of that county; and on denial of their motion, petitioned this court for a writ of mandate directing the superior court to transfer the action as requested.

The complaint purports to state two causes of action. In the first thereof the plaintiff therein, i.e., real party in interest in this proceeding, seeks to recover the amount of an indebtedness which it claims the defendants therein, i.e., petitioners in this proceeding, owe Cabrillo Palisades B Inc., and allege a money judgment was entered in its favor against Cabrillo Palisades B Inc., by the Superior Court of San Diego County; defendants are each indebted to Cabrillo Palisades B Inc., in a sum in excess of $5,000; and it "has satisfied all of the substantive and procedural prerequisites to bringing an action under Section 720 of the Code of Civil Procedure."

In the second cause of action the plaintiff seeks to include the defendants as judgment debtors in the judgment against Cabrillo Palisades B Inc., and also in another judgment by the Superior Court of San Diego County in favor of plaintiff against Cabrillo Palisades A Inc., on the theory defendants and the judgment debtors were the same legal entity.

Each of the defendants, petitioners herein, at all pertinent times was a resident of the County of Orange.

■ An action by a judgment creditor against a person allegedly indebted to the judgment debtor to recover the amount of the debt, where the person allegedly owing the debt denies the indebtedness, is an action in the nature of a creditor's bill; is an equitable proceeding; is independent of the action in which the judgment was obtained; and, although recognized in section 720 of the Code of Civil Procedure, is not a part of the statutory proceedings supplemental to execution. (*Wulfjen* v. *Dolton*, 24 Cal.2d 878, 889 [151 P.2d 840]; *Bond* v. *Bulgheroni*, 215 Cal. 7, 9-11 [8 P.2d 130]; *Deering* v. *Richardson-Kimball Co.*, 109 Cal. 73, 79, 82-83 [41 P. 801]; *Woodcock* v. *The Petrol Corp.*, 48 Cal.App.2d 652, 656 [120 P.2d 889]; *Booge* v. *First Trust & Sav. Bank*, 46 Cal.App.2d Supp. 879, 881-883 [116 P.2d 503]; see also *Rapp* v. *Whittier*, 113 Cal. 429, 431 [45 P. 703].)

■ Under the statutorily prescribed general rule (Code Civ. Proc., § 395, subd. (1)), a defendant, upon demand, is entitled to have an action tried in the county of his residence unless the plaintiff, by his complaint, establishes his case is within a statutory exception to the general rule. (*Kaluzok* v. *Brisson*, 27 Cal.2d 760, 763-764 [167 P.2d 481, 163 A.L.R. 1308]; *Johnson* v. *Superior Court*, 232 Cal.App.2d 212, 215 [42 Cal.Rptr. 645]; *Claycomb* v. *Caronna*, 113 Cal.App.2d 561, 564 [248 P.2d 779].)

■ There is nothing in the complaint under consideration in this proceeding which indicates the County of San Diego is the proper place for trial of the first cause of action.

Where a change of venue should be granted as to one cause of action in a complaint, it should be granted as to the whole complaint. (*Johnson* v. *Superior Court, supra,* 232 Cal.App.2d 212, 217.)

■ Under the law and facts as stated the action in question should be transferred to the County of Orange.

The real party in interest's contention the first cause of action seeks enforcement of the judgment by the Superior Court of San Diego County and for this reason should be tried in the County of San Diego has no merit. The first cause of action is in the nature of a creditor's bill and, as heretofore noted, is independent of the action in which the judgment was rendered.

As a part of the statutory proceedings supplementary to execution on the two judgments in favor of real party in interest against Cabrillo Palisades A Inc., and Cabrillo Palisades B Inc., petitioners were examined pursuant to section

717 of the Code of Civil Procedure. During a hearing in the course of the supplementary proceedings in the action in which judgment was obtained against Cabrillo Palisades B Inc., counsel for petitioners in the pending proceeding stipulated on their behalf "that the procedure for the plaintiffs [i.e., real party in interest in the proceeding at bench] to bring an action under Section 720 of the Code of Civil Procedure has been satisfied." Thereafter the real party in interest commenced the action under consideration in the proceeding at bench. The real party in interest contends that by virtue of the stipulation the action in question was a continuation of the proceedings supplementary to execution pending before the Superior Court of San Diego County. This contention is without basis in fact or law. An action in the nature of a creditor's bill, as heretofore noted, is an independent action which may be maintained without instituting proceedings supplementary to execution where, as in the case at bench, it seeks recovery of the amount of a debt allegedly owing the judgment debtor by a person who denies the indebtedness. (*Bond* v. *Bulgheroni, supra,* 215 Cal. 7, 9.) Where a person allegedly indebted to the judgment debtor admits the debt, he may be ordered to pay the amount due on the debt to the judgment creditor. (Code Civ. Proc., § 719.) However, "no such order can be made" if the debtor "denies the debt." (Code Civ. Proc., § 719.) In the latter event, the judgment creditor may bring an action against the person allegedly owing the debt to recover and apply the same to the judgment and, by virtue of section 720 of the Code of Civil Procedure, obtain an order forbidding the debtor to transfer or otherwise dispose of the debt until such an action can be commenced and prosecuted to judgment. The only import of the stipulation in question is that petitioners agreed they denied any indebtedness to the judgment creditor.

Let a writ of mandate issue as prayed for.

Brown (Gerald), P. J., and Ault, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.